JOHN LIMING, Appellant, v. ILLINOIS CENTRAL RAIL ROAD COMPANY, Appellee.

Negligence : PERSONAL INJURY : PROXIMATE CAUSE. One of the defendant's engines having set fire to grass and weeds on its right of way opposite the premises of O., with whom the plaintiff resided, the plaintiff and O. sought to extinguish the flames, but were unsuccessful, and a high wind having carried the fire toward O.'s barn, which contained some horses belonging to the latter, the plaintiff entered the barn to save this property, but before returning therefrom the fire had encompassed the doorway of the barn, and the plaintiff in making his escape therefrom was badly burned, and his health and sight seriously impaired. *Held*, upon demurrer to plaintiff's petition, which alleged the above facts, and further, that the fire was caused by defendant's negligence, and that the plaintiff was free from negligence, that the negligence of the defendant was the proximate cause of the injury to the plaintiff.

*Appeal from O'Brien District Court.*—HON. C. H. LEWIS, Judge.

WEDNESDAY, OCTOBER 22, 1890.

ACTION to recover damages caused by a fire alleged to have been set out by defendant in operating its railway. A demurrer to the first count of the petition was sustained. The plaintiff, having elected to stand on his pleading, appeals from the ruling on the demurrer.

*Hughes & Hastings*, for appellant: The demurrer in fact presents but one question, namely : Do the facts

stated in this count of the petition show that defend·
ant's negligence was the proximate cause of plaintiff's
injury? The injury for which plaintiff sues is the direct
consequence of the fire, a destructive force set in motion
by defendant's negligence. This fire must be regarded
as a continuing force. The person who negligently set
out the fire is liable for all the injury caused thereby,
unless it appears that some other force has interposed
and become the immediate cause of the injury. *Brown
v. C. M. & St. P. Ry. Co.*, 54 Wis. 342; *Small v.
Railway Co.*, 55 Iowa, 582; *Kellogg v. Railway Co.*,
26 Wis. 23; *Krippner v. Biebl*, 28 Minn. 139; *Milwau-
kee, etc., Ry. Co. v. Kellogg*, 94 U. S. 469. The orig-
inal cause, the fire set out negligently by defendant,
was not controlled by the agency of plaintiff. He did
only what the law enjoined upon him to do, and, if he
had stood by and permitted the property to be destroyed
without making an effort to save it, he could not
recover for the loss. *Kierman v. Heaton*, 69 Iowa, 138;
*Hohel v. Muscatine*, 57 Iowa, 444; *Van Pelt v. Daven-
port*, 42 Iowa, 308; *Rexter v. Starin*, 73 N. Y. 601.
If, therefore, while exercising such care, he is injured,
the person guilty of negligence is liable. A party will
not be prevented from a recovery, even where his own act
is the more immediate cause of the injury, if that be an
act which is, as to him, reasonably induced by a prior
negligent or wrongful act of another, and without any
concurring fault of the party injured. 1 Sutherland on
Damages, p. 62; *Olliver v. La Valle*, 36 Wis. 592; *Wil-
son v. Railway Co.*, 26 Minn. 278; *Knapp v. Railway
Co.*, 65 Iowa, 91. Many cases illustrating the doctrine
of proximate cause are to be found in the books. For
example, it is held that if a carrier negligently delays
the transportation of goods, and, because of the delay
such goods are injured by a flood, the company would
be liable. *Lowe v. Moss*, 12 Ill. 477; *Reed v. Spauld-
ing*, 30 N. Y. 630, *Railway Co. v. Reeves*, 10 Wallace,
190; *Hadly v. Trans. Co.*, 115 Mass. 304; *Pastene v.
Adams*, 49 Cal. 87. That a party may recover for per-
sonal injuries received in attempting to save life or

property from the consequence of another's negligence
or wrong doing, see *Cottrill v. Railway Co.*, 47 Wis. 634;
*Linnehan v. Sampson*, 126 Mass. 506; *Rexter v. Starin*,
73 N. Y. 601; *Wasmer v. Railway Co.*, 80 N. Y.
212; 36 Am. Rep. 608. It may be contended that
a different rule applies to this case, because plaintiff, at the time he received his injuries, was engaged in
attempting to save the property of Ortman. But it
cannot be said, in view of the facts of this case, that in
what plaintiff did he acted merely as a volunteer, and
not in obedience to a legal and moral duty.

*John F. Duncombe*, for appellee: The only question is, was the negligence of the defendant the proximate cause of the injury to the plaintiff. The case of
*Pike v. Railway Co.*, decided May 15, 1889, 39 Fed.
Rep. 255, is directly in point with the case at bar.
Judge HOLT there says: "I cannot hold that *Railway Co. v. Kellogg*, 94 U. S. 469, is an authority
to the position taken by the plaintiff that the question of remote or proximate cause must, under all
circumstances, be submitted to a jury for decision. If
upon the facts presented there is any question as to
what was the proximate cause, then the case should go
to the jury; but if the undisputed facts show, under
well-established rules of law, what the proximate cause
is, then manifestly the court should act accordingly.
This position is recognized in the later case of *Scheffer
v. Railway Co.*, 105 U. S. 249, where the supreme
court held, as a matter of law, that the proximate cause
of the suicide or death of the intestate was insanity, and
that it was not due to the negligence of the company,
whereby he suffered an injury eight months before."
The case of *Seale v. Railway Co.*, 65 Texas, 274; s. c., 57
Am. Rep. 602, is directly in point with the one on trial.
In that case a fire was negligently set by an engine.
Plaintiff's minor daughter was burned to death trying
to extinguish it. The court held the cause remote and
that plaintiff could not recover. Another case is
referred to in 50 Am. Dec., page 574, note, of *Hinchy v.*

*Railway Co.*, 49 N. Y. Sup. 406, which is directly in point, where one trying to extinguish fire set by an engine had his hand burned.   The plaintiff failed ; the court holding cause remote.   In the case of *Bosch v. Railway Co.*, 44 Iowa, 402, where, by the use of a street by a railroad company with tracks and embankment, the fire department was prevented from extinguishing the fire, being thereby shut off from the river, the court held the damages too remote, and the company not liable.   This case refers to the case of *Insurance Co. v. Friend*, 7 Wall. 49, 50.   Liability for wrongful acts extends only to damages which arise from the proximate and natural consequences of such acts.   If the proximate and natural consequences are controlled by the unforeseen agency of a moral being capable of discretion, and left free to choose, the original cause ceases to be proximate.   Natural, proximate and legal results are all for which damages can be recovered.   48 Am. Dec. 72, at bottom of page ; *Donnell v. Fones*, 13 Alabama, 490.   The rule of law is well established that in cases of tort it is necessary for the party complaining to show that the particular damages in respect to which he has proceeds are the legal, natural and direct proximate consequences of the wrongful act imputed to the defendant.   Sedgwick on Meas. of Dam. [ 5   Ed.  ] p. 89 ; *Plumb v. Woodmansee*, 34 Iowa,  119.   A leading case on the doctrine of *causa proxima et non remota spectatur* in Iowa, is *Dubuque Wood & Coal Ass'n v. Dubuque*, 30 Iowa, 176. The case of *Hampton v. Jones*, 58 Iowa, 319, bottom of page, division 11, is an example where the court held the damages too remote.   The general subject is fully discussed under the head of damages in volume 5, American and English Encyclopedia of Law.   The case of *Knapp v. Railway Co.*, 65 Iowa, 91, is not in point. There the injury was caused by the instinctive sudden act of the engineer.   The following cases referred to by appellant, viz. :   *Cottrill v. Railway Co.*, 47 Wis. 634 ; *Linnehan v. Sampson*, 126 Mass. 506 ; *Rexter v. Starin*, 73 N. Y. 601 ; *Wasmer v. Railway Co.*, 80 N. Y. 212 ; 36 Am. Rep. 608, are cases in which the sole question

is one of contributory negligence, and the precise point made in the case at bar is not made. They are all cases of instantaneous action, without time for reflection, or a voluntary action of the will—rather instinctive action than mental reflection. The plaintiff was a volunteer to save the property of Mr. Ortman, another party. He need not have exposed himself, but deliberately and voluntarily chose to do so, and did it at his own risk without any force, or other cause, except his own judgment and volition. We confidently rely upon the case cited in our argument, 65 Tex. 274 ; 57 Am. Rep. 602, which is exactly in point, and the case referred to in 49 N. Y. Sup. Ct. 406, is a much stronger case than this.

ROBINSON, J.—The allegations of the petition which the demurrer admits to be true are substantially as follows : On the third day of November, 1888, William Ortman owned, and with plaintiff and his family occupied, a certain farm in O'Brien county. Ortman owned some horses, which were kept in a barn on the farm, and plaintiff owned some hogs, which were kept in a pen outside the barn. On the day named, an engine on the railway of defendant set fire to grass and weeds on its right of way at a point opposite the premises of Ortman. A high wind was blowing at the time, which spread the fire rapidly, driving it in the direction of the barn. Plaintiff and Ortman saw the fire immediately after it started, and went to it, and tried to put it out. Failing in that, they retreated to a traveled way which crossed the prairie between the fire and the barn, and attempted to stop the fire by sprinkling water on the grass. Their efforts were ineffectual, and they then started to save the horses and hogs. They first entered the barn, the plaintiff believing that there would be ample time in which to remove the horses before the fire, which was more than one hundred feet away, could reach the building. Prior to that time the head fire had been running towards a point at one side of the barn, but at that time it reached higher ground, and, catching the full force of the wind, was driven directly

towards the barn.   When the horses were unfastened,
and were being taken from the barn, plaintiff discovered
that the fire had reached the door which afforded the
only means of escape, and that, in order to escape, he
was compelled to and did pass through the fire; that in
doing so both his legs, his right hip, both hands, and
his right elbow were badly burned, his face was badly
burned and disfigured, and his eyes injured.  By reason
of the injuries so received, plaintiff was confined to his
bed nine weeks, and suffered greatly in mind and body,
and his health has been seriously and ' permanently
impaired.   The first count of the petition also alleges
that the fire was caused by negligence on the part of
defendant, and that plaintiff was free from negligence.
The demurrer is as follows:   "Defendant demurs to the
first count of plaintiff's petition for the following
reasons:  *First.*  The allegations set out in the first
count for personal injury to plaintiff do not show that
the negligence of defendant was the proximate cause of
the injury complained of.  *Second.*  The said count
shows that the injury complained of was received by
plaintiff while he was engaged in trying to save the
property of one Ortman, and that said injury was not
directly or approximately caused or contributed to by
the negligence of defendant."

Section 1289 of the Code provides that "any cor-
poration operating a railway shall be liable for all
damages by fire that is set out or caused by operating
of any such railway."   It is admitted that the dam-
ages in question were caused by a fire which the defend-
ant set out in operating its railway, but it is said that
the fire was not the proximate cause of the injuries
sustained by plaintiff.   It is further said that but for
the intervention of his own voluntary act he would have
sustained no injury, and, therefore, that his own act
was the proximate cause of his injuries.

The question presented for our determination is not
free from difficulty.   Defendant is not liable unless its
wrongful act was the proximate cause of the damages
in suit.   A careful writer has said:   "The proximate

cause of an event must be understood to be that which, in a natural and continuous sequence, unbroken by any new cause, produces that event, and without which that event would not have occurred." 1 Shear. & Red. Neg., sec. 26. Also: "A person guilty of negligence should be held responsible for all the consequences which a prudent and experienced man, fully acquainted with all the circumstances which in fact existed, whether they could have been ascertained by reasonable diligence or not, would have thought at the time of the negligent act reasonably possible to follow, if they had been suggested to his mind." 1 Shear. & Red. Neg., sec. 29. In *Railway Co. v. Kellogg*, 94 U. S. 469 [ 24 L. Co-op. Ed. 259 ] it is said: "The question always is, was there an unbroken connection between the wrongful act and the injury,—a continuous operation? Did the facts constitute a continuous succession of events, so linked together as to make a natural whole, or was there some new and independent cause intervening between the wrong and the injury?" See, also, 1 Suth. Dam. 47; *Brown v. Chi., Mil. & St. Paul Ry. Co.*, 54 Wis. 342; 11 N. W Rep. 356, 911; *Lowery v. Railway Co.*, 99 N. Y. 158; *Knapp v. Sioux City & Pac. Ry. Co.*, 65 Iowa, 91.

But it often happens that the wrongful act or negligence of a party would be harmless but for the voluntary act of the person injured, as in cases of injuries from defects in streets, sidewalks, roads and bridges; yet in a case of that kind the act of the person injured in traveling the defective way is not regarded as a new or independent cause of the accident which follows. If he be free from negligence he is entitled to recover for the injuries he sustains, for he was doing only what the law authorized, and what the corporation, responsible for the condition of the way, was bound to anticipate and provide for while the way remained open for travel. The negligence of the corporation is the proximate, although the act of the person injured is the more immediate, cause of the injury. 1 Suth. Dam. 62. One who, acting with reasonable prudence, voluntarily

exposes himself to danger for the purpose of protecting the person of another, may recover for the consequent injuries he receives from the person whose wrong caused the injury to himself, and the danger to the person he sought to aid. *Linnehan v. Sampson*, 126 Mass. 506; *Cottrill v. Railway Co.*, 47 Wis. 634; 3 N. W. Rep. 376; *Railway Co. v. Crosby*, 74 Ga. 737; *Eckert v. Railway Co.*, 43 N. Y. 502. The same has been held to be true of one who under similar conditions is injured in an attempt to protect his own property. *Wasmer v. Railway Co.*, 80 N. Y. 212; *Rexter v. Starin*, 73 N. Y. 601. In *Eckert v. Railway Co.*, *supra*, it was said, in effect, that a person might expose himself to greater danger without negligence in attempting to save human life than he could in attempting to save property. It is not claimed that the right to recover in such cases depends in any respect upon the legal liability of the person injured to do that which he was attempting to do when the injuries were received, but rather upon his moral obligation and right to do it.

In this case the plaintiff did not receive the injuries of which he complains in any attempt to protect human life, nor in trying to save his own property. So far as we are advised by the record, he was under no legal obligation to protect the property of his neighbor; yet his attempt to do so was entirely lawful, and was most praiseworthy. If he had failed to make a reasonable effort to save it, he would have merited the censure and contempt of his neighbors ; and this would have been so notwithstanding the fact that defendant may have been liable for all loss which could occur, and that what he accomplished would inure to its benefit. It is the duty of everyone, according to the requirements of an enlightened and just public sentiment, to use reasonable efforts to preserve the property of others from threatened destruction ; and, as is well known, it is a duty which people generally are quick to discharge. The defendant could have foretold, with almost absolute certainty, when it set the fire in question, that

plaintiff, being near, would use every reasonable means in attempting to save Ortman's horses from the flames, and there was nothing surprising or unusual in the attempt he made.    Under the circumstances of the case, it was the natural, and probable result of the wrong of defendant.    A person would not be justified in exposing himself to as great danger in saving property as he would in saving human life, and whether the person injured acted with reasonable prudence would, in most cases, be a question of fact depending upon the circumstances under which the act was done.    In *Harris v. Township of Clinton*, 64 Mich. 447 ; 31 N. W. Rep. 425, it was said that "it is not a universal rule that the defendant is excused from liability merely because the plaintiff, knowing of the danger caused by the defendant's negligence, voluntarily incurs that danger.    If the defendant has so acted as to induce the plaintiff, acting with reasonable prudence, to incur the danger, * * * the defendant is liable."

The case of *Seale v. Railway Co.*, 65 Tex. 274; s. c., 57 Am. Rep. 602, is relied upon by appellee, and in some respects it seems to support the ruling of the district court.    In that case the court says that the defendant should have anticipated that its negligence would endanger the property of plaintiff, and that she and perhaps others would attempt to extinguish the fire, but that it could not have anticipated that, in that attempt, life would have been lost without negligence on the part of the person killed.    The conclusion of the court seems to rest upon the theory that the petition showed that the death of the deceased was the result of her own negligence..    But, under the facts of this case as admitted by the demurrer, the plaintiff was not negligent.    It is true that but for the voluntary act of plaintiff he would not have been injured.    As we have seen, however, that act, although voluntary in one sense, was invited and induced by the wrong of defendant, and the consequent injuries were the natural and direct result of that wrong.    The order of the district court is REVERSED.