San Antonio & Aransas Pass Railway Company v.
Simon Trigo et al.

Decided March 11, 1908.

**1.—Railroads—Getting on Moving Car—Negligence, Question of Fact.**

Knowledge that it is dangerous to get on a moving railroad train does not render the attempt to do so negligence *per se*, except in cases where the evidence excludes any other reasonable hypothesis than that the act was contribu-

tory negligence, and the rule applies more strongly in the case of a child who has been directed by an employe of the railroad company to board a moving train.

### 2.—Same—Component Acts of Negligence.

In a suit for damages resulting from personal injuries received by a' minor while attempting to board a moving railroad train, evidence that the ticket office was closed and the agent absent, that an employe of the company told the child to get off the train and buy a ticket, and that the ticket agent told him to get on the train, although then in motion, were all links in the chain of circumstances that led up to the accident, and therefore admissible in evidence.

Appeal from the District Court of Kendall County. Tried below before Hon. R. H. Burney.

*Houston Bros., W. A. Wurzbach* and *R. J. Boyle,* for appellant.— Where a party attempts to board a moving train knowing that such is dangerous, he is guilty of contributory negligence as a matter of law, and can not recover. Texas Midland R. R. Co. v. Ellison, 87 S. W. Rep., 213; El Paso Elec. Ry. Co. v. Kitt, 90 S. W. Rep., 678; St. Louis S-W. Ry. Co. v. Shiflet, 94 Texas, 131, 98 Texas, 326.

Under the evidence in this case, defendant's failure to have its ticket office open did not, alone or concurrently with other acts of negligence charged, proximately cause or contribute to cause plaintiff's injury. It was error, therefore, to submit such issues to the jury as concurring with others acts of negligence to cause plaintiff's injury. San Antonio & A. P. Ry. Co. v. Trigo, 101 S. W. Rep., 254; Denison & S. Ry. Co. v. Carter, 98 Texas, 196; Ft. Worth & D. C. Ry. Co. v. Work, 100 S. W. Rep., 962.

The evidence in this case did not raise the issue as to plaintiff having been injured by reason of defendant's failure to hold the train a time reasonably sufficient for plaintiff to procure a ticket, but only raised the issue as to his having been injured by being caused by the agent to attempt to catch the moving train. San Antonio & A. P. Ry. Co. v. Trigo, 101 S. W. Rep., 254; Denison & S. Ry. Co. v. Carter, 98 Texas, 197; Ft. Worth & D. C. Ry. Co. v. Work, 100 S. W. Rep., 962.

*W. F. Hays, Ernest Fellbaum, H. C. Carter* and *Perry J. Lewis,* for appellees.—A person, even an adult, is not guilty of contributory negligence, as a matter of law, when boarding a slowly moving train, and particularly not when he is acting under the direction of an agent or employe of the defendant. Mills v. Missouri, K. & T. Ry., 94 Texas, 242; Gulf, C. & S. F. Ry. v. Shelton, 30 Texas Civ. App., 72; Missouri, K. & T. Ry. v. Gist, 31 Texas Civ. App., 662; Galveston, H. & S. A. Ry. v. Sanchez, 65 S. W. Rep., 893; Kansas & G. S. L. Ry. v. Dorough, 72 Texas, 108.; Railway v. Murphy, 46 Texas, 356; Gulf, C. & S. F. Ry. v. Brown, 4 Texas Civ. App., 435; Texas & N. O. v. Bingham, 2 Texas Civ. 278; Houston & T. C. Ry. v. Stewart, 14 Texas Civ. App., 703; Chicago, R. I. & P. Ry. v. Cleaver, 20 Texas Ct. Rep., 422; Western & A. R. R. v. Wilson, 71 Ga., 22; s. c. 2 Am. Neg. Cas., 382; North Birmingham Ry. Co. v. Liddicoat, 99 Ala., 545; s. c. 2 Am. Neg. Cas., 104.

FLY, ASSOCIATE JUSTICE.—This is a suit for damages arising from personal injuries inflicted on Simon Trigo, a minor, through the negligence of appellant, instituted by Tomasa J. de Collazo, joined by her husband, Jacinto Collazo, for herself and as next friend of the minor. This is a second appeal, and the former opinion of this court is referred to for a statement of the pleadings, (101 S. W. Rep., 254). The trial was by jury and resulted in a verdict and judgment for Simon Trigo in the sum of $8,000 and for Tomasa J. de Collazo in the sum of $2,000.

It was proved that on September 4, 1904, Simon Trigo, a boy eleven years of age, went into the ticket office of appellant to get a ticket, just before the train was to leave, but failed to get it because the agent was absent. He then got on the train and was asked by an employe of appellant if he had a ticket and when the reply was in the negative, the employe told him to get off and get a ticket. He got off and went to the agent who was standing eight or ten feet from the train and asked for a ticket. The agent told the boy that there was no time to get a ticket, and for him to get on the train. In obedience to the advice of the agent, Simon attempted to board the train, which was moving slowly, and fell between the cars and received such injuries to one of his legs that amputation was necessitated, four inches above the knee. At the time the agent told the boy to get on the train it was moving slowly, and the boy immediately tried to board it. The facts justify the conclusion that the injuries inflicted on Simon Trigo resulted from the negligence of appellant, and that the jury were justified in finding that the boy was not guilty of contributory negligence.

The first assignment of error is directed at the action of the court in refusing to instruct a verdict for appellant, and the proposition thereunder is: "Where a party attempts to board a moving train knowing that such act is dangerous, he is guilty of contributory negligence as a matter of law, and can not recover."

The proposition seems to be based on the fact that on the cross-examination Simon Trigo stated that he knew it was dangerous to get on the train while it was moving. It may be stated that in connection with that statement he said the train was going slow and he thought it was easy to get on, he "thought it wasn't so very dangerous," giving as his reason "because I knew that he knew more than I did." If, however, the boy did know that it was dangerous to board a moving train, he knew no more than every sane man and woman knows, and yet the question as to whether it is negligence to get on a moving train is held to be a question of fact to be determined by a jury, except in cases where the evidence is in such condition as excludes any other reasonable hypothesis than that the act was contributory negligence. Knowledge of the danger attending getting on a moving car, does not render an attempt to get on such car negligence *per se,* and especially would this not be the rule in the case of a child who has been directed by the agent of the owner of the car to get on it while it is moving. The courts have never accepted the proposition that getting on a moving train was negligence *per se.* The only effect that proof of knowledge of the danger could have would be to place

the child on the same footing with an adult, and the courts of Texas, in all but exceptional cases, hold that whether getting on or off a moving train is negligence or not is a question for a jury. Mills v. Missouri, K. & T. Ry., 94 Texas, 242. If knowledge of the danger of getting on and off moving trains was made the test as to contributory negligence *per se,* few, if any, cases of that character would get to a jury, for the reason that almost every reasonable person knows the danger attending such action. The boy's fears as to getting on the train were removed by the command or direction of the agent. The second assignment is like unto the first and the disposition made of the first disposes of the second.

The charge of the court placed on appellees the burden of proving, in addition to other matters, that the boy endeavored to get a ticket before he got on the train, and was unable to get it because no one was in the office, and the charge is objected to on that account. Proof of those things was not necessary to entitle appellees to a recovery, but we fail to see any reason for objection by appellant that such a burden was placed on appellees. However, the fact of the office not being open, and the agent being absent, was a link in a chain of circumstances which led up to the accident. It was so intimately and directly connected with the other circumstances as to make a component part of them. It would have been error to have submitted it alone as sufficient ground of negligence to justify a recovery, because standing alone it was not the proximate cause of the injury, but as one among other circumstances leading up to the result it was properly submitted. That was in effect held on the former appeal of this case.

The proof showed that an employe of appellant caused the boy to get off the train to obtain a ticket. That employe knew that he got off and it was negligence to start the train before the ticket could be obtained or the boy could get back on the train. That negligence concurred with the negligence of the agent in telling the boy to get on the train. The facts indicate that the agent would not have told the boy to get on the train but would have sold him a ticket, if the train had not started. The act of the employe on the train and that of the employe on the ground were parts of the same transaction and concurrently contributed to bring about the result. By proximate cause is not meant the last cause, nor the sole cause, but any act that aided in producing the result. Shippers Co. v. Davidson, 35 Texas Civ. App., 558; Galveston, H. & S. A. Ry. v. Vollrath (Texas Civ. App.), 89 S. W. Rep., 279.

The failure to hold the train a reasonable time was submitted as one of a series of acts which led up to the injury of appellant and it was properly submitted. The same can be said of the issue as to Simon Trigo being told to leave the train and get a ticket.

The verdict is not excessive.

The other assignments of error are disposed of by our opinion hereinbefore set forth. The judgment is affirmed.

*Affirmed.*

Writ of error refused.