[No. 15222.    Department One.    July 7, 1919.]

J. B. ROSS, *Respondent*, v. SMITH & BLOXOM, *Appellant*,
LOUIS STEREOS *et al., Defendants.*[1]

MUNICIPAL CORPORATIONS (390)—AUTOMOBILE COLLISION—CAUSE OF ACCIDENT—QUESTION FOR JURY. Whether the negligence of the defendant in maintaining an unlawful obstruction on the street was a contributing cause to the injury of a bystander, when two automobiles collided at a street intersection, is a question for the jury, where one of the drivers in collision testified that boxes piled by the defendant at the curb obstructed his view.

NEGLIGENCE (14, 15)—PROXIMATE CAUSE. An act to be the proximate cause of the injury must be a cause but for which the injury would not have been suffered.

MUNICIPAL CORPORATIONS (384, 392)—NEGLIGENCE (15)—PROXIMATE AND CONCURRING CAUSE—INSTRUCTIONS. Where the drivers of two colliding automobiles, and a storekeeper who had obstructed the view by piling boxes at the street intersection, are all three charged with concurring negligent acts, each charged to be the proximate cause of an injury to a bystander, and the evidence that the obstruction contributed to the injury is not satisfactory, it is error to refuse a requested instruction to the effect that the obstruction would not be a proximate cause if the injury would have resulted without the

[1]Reported in 182 Pac. 582.

concurrence of the obstruction; under the rule that an act to be the proximate cause of an injury must be a cause "but for which" the injury would not have been suffered.

Appeal from a judgment of the superior court for King. County, Davidson, J., entered September 20, 1918, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a pedestrian struck by an automobile. Reversed.

*Peters & Powell,* for appellant, contended, *inter alia,* that concurring negligence, to be an approximate cause, must be a cause "but for which" the injury would not have been suffered. 29 Cyc. 396, 489, 498; Sedgwick, Damages (9th ed.), p. 199; *Hellan v. Supply Laundry Co.,* 94 Wash. 683, 163 Pac. 9; *Bullis v. Ball,* 98 Wash. 342, 167 Pac. 942; *Stronjny v. Griffin Wheel Co.,* 116 Ill. App. 550; *Louisville Gas Co. v. Kaufman,* 20 Ky. Law 1069, 48 S. W. 434; *Franke v. Head,* 19 Ky. Law 1128, 42 S. W. 913; *O'Connor v. Brucker,* 117 Ga. 451, 43 S. E. 731; *Strobeck v. Bren,* 93 Minn. 428, 101 N. W. 795; *Kappes v. Brown Shoe Co.,* 116 Mo. App. 154, 90 S. W. 1158; *Koch v. Fox,* 71 App. Div. 288, 75 N. Y. Supp. 913; *Johnson v. Northwestern Telephone Exchange Co.,* 48 Minn. 433, 51 N. W. 225; *Stone v. Boston & A. R. Co.,* 171 Mass. 536, 51 N. E. 1, 41 L. R. A. 794; *Missouri Pac. R. Co. v. Columbia,* 65 Kan. 390, 69 Pac. 338, 58 L. R. A. 399; *Nelson v. Narragansett Electric Lighting Co.,* 26 R. I. 258, 58 Atl. 802, 106 Am. St. 711, 67 L. R. A. 116.

Where a new cause intervenes, the connection is broken. 21 Am. & Eng. Ency. Law (2d ed.), pp. 496, 516; *Seale v. Gulf, C. & S. R. Co.,* 65 Tex. 274, 57 Am. Rep. 602; *Texas & Pac. R. Co. v. Dougherty,* 15 S. W. (Tex. App.) 44.

*Henry W. Pennock* and *James R. Gates,* for respondent, contended, among other things, that the instruc-

tions as to proximate cause were proper and sufficient. *McDorman v. Dunn*, 101 Wash. 120, 172 Pac. 244; *Eskildsen v. Seattle*, 29 Wash. 583, 70 Pac. 64; *Akin v. Bradley Eng. & Mach. Co.*, 48 Wash. 97, 92 Pac. 903, 14 L. R. A. (N. S.) 586; *Frostman v. Stirrat & Goetz Inv. Co.*, 65 Wash. 608, 118 Pac. 742; *Jaquith v. Worden*, 73 Wash. 349, 132 Pac. 33, 48 L. R. A. (N. S.) 827; *Thoresen v. St. Paul & Tacoma Lumber Co.*, 73 Wash. 99, 131 Pac. 645, 132 Pac. 860; *Hellan v. Supply Laundry Co.*, 94 Wash. 683, 163 Pac. 9; *Hubbard v. Tacoma Eastern R. Co.*, 101 Wash. 158, 172 Pac. 222.

If the intervening act might reasonably have been foreseen, the original negligence will still be regarded as the proximate cause. *Daneschocky v. Sieble*, 195 Mo. App. 470, 193 S. W. 966; *Weick v. Lander*, 75 Ill. 93; *Louisville Home Tel. Co. v. Gasper*, 123 Ky. 128, 93 S. W. 1057, 9 L. R. A. (N. S.) 548; *Gonzales v. Galveston*, 84 Tex. 3, 19 S. W. 284, 31 Am. St. 17; *Missouri, K. & T. R. Co. of Texas v. Ryon*, 177 S. W. (Mo.) 525; *McKune v. Santa Clara Valley Mill & Lumber Co.*, 110 Cal. 480, 42 Pac. 980.

TOLMAN, J.—Respondent brought this action to recover for personal injuries sustained by him, alleging and proving substantially the following facts: At the time of the accident, which occurred at the intersection of Madison street and Western avenue, in the city of Seattle, respondent stood on the sidewalk at the southeast corner of the intersection of the streets mentioned, engaged in conversation with friends. A Ford automobile, owned and driven by defendant Stereos, came down Western avenue from the north, at a speed estimated all the way from twelve to thirty-five miles per hour. At the same time an Overland car, owned and driven by defendant Wilson, came up Madison street from the water-front, going at a speed

of from twelve to twenty miles per hour.  At the northwest corner of the intersection of these streets were the premises occupied by appellant, wherein it carried on a commission business, handling produce of various sorts.  On the sidewalk, both on the Western avenue and Madison street fronts, were piled boxes and crates of fruits and vegetables to a height of four to six feet, extending along the curb continuously, except that there was a space left open at the corner for the passage of pedestrians along each street.  Under these conditions, Wilson, approaching from the west, turned his machine into Western avenue (as to whether or not he cut the corner in so doing, there is a dispute) and immediately came into collision with the Ford car driven by Stereos, which had been traveling two and a half or three feet from the westerly or right-hand curb on Western avenue.  In attempting to avoid the collision, or deflected by the collision, the Ford car driven by Stereos turned from its course and ran across to the southeast corner of the intersection, up onto the curb, and jammed respondent against the lamp post, fracturing his left leg so that it had to be amputated below the knee.  Damages were claimed against Stereos (and wife) upon the ground that he was negligent and reckless in driving his car at a high, dangerous, and unlawful rate of speed; against Wilson (and wife) upon the ground that he was driving at an illegal and excessive rate of speed, and because he was cutting across the corner of the intersection, making a short, sharp turn, and unlawfully intersecting the course of the Stereos car; and against appellant, ''that the collision between the automobile driven by the defendant Louis Stereos and that driven by the defendant Benjamin Wilson, and the consequent injury to plaintiff, were the natural and probable result of the act of the defendant Smith

& Bloxom in maintaining an encroachment on said streets whereby the drivers of vehicles approaching each other in the manner aforesaid were deprived of the usual view to be obtained across the sidewalk space; that the unlawful and negligent obstruction of the view by defendant in the manner aforesaid accentuated the negligence of the defendants Louis Stereos and Benjamin Wilson and contributed directly to and caused the injury to plaintiff." From a verdict and judgment thereon against each and all of the defendants, appellant Smith & Bloxom alone appeals.

It is first urged that there was no substantial evidence to the effect that the boxes piled in front of appellant's premises had anything to do with the cause of the accident. We have carefully examined the evidence, and while it is by no means clear or satisfactory, yet defendant Stereos did testify that the boxes obstructed his view, and the question thus became one of fact for the jury.

Were the principles of law applicable clearly given to the jury in the instructions of the court? The court instructed:

"While there can be but one recovery of damages for an injury, the law holds all those whose negligent acts directly contributed or united in causing the injury liable both jointly and severally to the person injured. I instruct you that if you shall find from a fair preponderance of the evidence that the plaintiff was injured as a proximate result of the concurrent or combined negligence of two or more of the defendants, and that the defendants whose acts of negligence so concurred or combined, in the exercise of ordinary care and prudence, should have foreseen that an injury would naturally and probably have resulted from their negligence, then all defendants so contributing to plaintiff's injury are jointly and severally liable."

This instruction, we think, fairly states the law, as far as it goes. But in a case such as this, where three

defendants were charged with concurring negligent acts, each charged to be the proximate cause of the injury, and where each appeared separately and engaged in defending himself by attempting to show negligence on the part of the other, was this enough? Appellant requested instructions in part as follows:

"In the present case, if you should find that the premises of the defendant Smith & Bloxom were kept in a manner so as to be an unlawful obstruction to the view of the defendants driving their automobiles at these street intersections, and yet you should find that the manner in which the defendants operated their automobiles, or either of them, was such in itself as to be sufficient to produce this collision and injury to the plaintiff, without the concurrence of any obstruction on the defendant Smith & Bloxom's premises, then I charge you that you could not hold Smith & Bloxom liable in this case, because their negligence, if any, would not have been the proximate or efficient cause."

The act, to be the proximate cause of the injury, must have been such that without it the injury would not have happened. 29 Cyc. 489.

"The defendant may have been negligent and the plaintiff may have suffered injury and a causal connection between the two may have been proved; but obviously this is not enough, for there are other causes which have contributed to produce the loss or damage. The essential point in law is that the connection must be proved to be *necessary;* the negligence must be a cause *but for which* the injury would not have been suffered." 1 Sedgwick, Damages (9th ed.), 199.

This principle is clearly recognized in *Hellan v. Supply Laundry Co.,* 94 Wash. 683, 163 Pac. 9, where it is said:

"Respondent further argues that the accident would not have happened had Corkum stopped the car or had he been running at a lawful rate of speed. This may be conceded. But it is equally true that, not-

withstanding his failure to stop and notwithstanding his excessive speed, no accident would have happened had respondent's truck been stopped, or had it been running at a lawful rate of speed, or had it even kept to the right side of the intersection and the right side of the street.''

When it is borne in mind that the *Hellan* case was proceeding to trial against one defendant only, and no question of instructions was involved, but only the question of whether or not the court could determine, as a matter of law, whose negligence was the proximate cause of the injury, it will be seen that there is nothing in that case out of harmony with the rule hereinabove stated, and that the case as a whole supports the rule. This rule was also clearly recognized in *Bullis v. Ball*, 98 Wash. 342, 167 Pac. 942, where this court approved an instruction which told the jury that it must find that the accident would not have happened without the act complained of, before it could find such act to be the proximate cause. Nor do we think this court has ever denied the rule where, as here, it would be applicable. We have carefully examined all of the cases cited by respondent and find nothing which seems to militate against the rule, except possibly some language in the case of *Jaquith v. Worden*, 73 Wash. 349, 132 Pac. 33, 48 L. R. A. (N. S.) 827. When the facts in that case are examined, it clearly appears that the ''but for which'' doctrine would not be there applicable to the extent that it is here, because there the acts of each of the defendants combined to cause the accident, and without the act of negligence of each, no accident could have occurred. In discussing the requested instruction thought to be based upon the ''but for which'' rule, which the trial court had refused to give, the court there said:

"We think there was no error in this respect. Assuming the negligence of the Murphys, it is obvious that the concurring negligence of all the parties caused the injury. The standing machine was harmless until it was struck by the machine of these appellants. When these agencies met, the one active, the other passive, a new condition was created which culminated in the respondent's injury."

But whether or not the court then had in mind the "but for which" doctrine, it approved in that same case an instruction given on behalf of appellant Murphy in the following language:

"If you believe from a fair preponderance of the evidence that the accident and injury to the plaintiff occurred by reason of negligence on the part of the defendant Wade, and that the defendant Edward D. Murphy was also negligent, either by his own act or by the act of the defendant Floyd B. Murphy, done or performed with his authority, expressed or implied, and that *but for the negligent act of the defendants Murphy the accident would not have occurred*, then and in that event you should find a verdict against all of the defendants." [The italics we have supplied for this occasion.]

This doctrine is generally recognized in other states. *Strojny v. Griffin Wheel Co.*, 116 Ill. App. 550; *Johnson v. Northwestern Tel. Exchange Co.*, 48 Minn. 433, 51 N. W. 225; 29 Cyc. 489, and cases there cited. The nature of the negligence charged as against appellant as compared with the negligence charged against the other defendants, the uncertain and unsatisfactory nature of the testimony tending to show that the act of appellant in piling boxes upon the sidewalk entered into the matter at all, and the conflicting interests of the several defendants, all tend to make this peculiarly a case in which the attention of the jury should have been directly and squarely called to the rule of law which we have been discussing; and

proper instructions upon that subject having been requested, it was error to refuse to give them.

The judgment, as to the appellant only, is reversed and the cause remanded for a new trial.

HOLCOMB, C. J., MACKINTOSH, MAIN, and MITCHELL, JJ., concur.