[File No. 6506.]

WILLIAM FROEMKE, Respondent, v. OTTER TAIL POWER COMPANY, a Corporation, Appellant.

(276 N. W. 146.)

8

Opinion filed November 12, 1937.

*Field & Field* and *Kvello & Adams,* for appellant.

*Hugo P. Remington* and *Charles G. Bangert,* for respondent.

BURR, J. Plaintiff alleges that by reason of a fire caused by the negligence of the defendant he suffered damage in the sum of $700.

The defendant admits that the plaintiff suffered damage by reason of a fire but "specifically denies that said fire was caused by any negligence or carelessness on its part whatsoever." The defendant further alleges that whatever damage the plaintiff sustained was caused by the negligence of himself, his agents, and others in the family of which he was a member.

The case was submitted to the jury, who returned a verdict in favor of the plaintiff, and judgment was rendered thereon. The defendant

moved for judgment notwithstanding the verdict or for a new trial, basing the same upon the insufficiency of the evidence to justify the verdict. The trial court denied the motion and defendant appeals from the order denying "the alternative motion for judgment notwithstanding the verdict or for a new trial."

There are five specifications of errors of law and a specification of the insufficiency of the evidence to support the verdict. The errors of law are all based upon the refusal of the court to grant motions for a directed verdict, for dismissal of the action, for judgment notwithstanding the verdict, or a new trial.

Defendant's appeal rests upon the proposition that there is not sufficient evidence to sustain a finding of negligence on the part of the defendant, or that any "negligence of the defendant proximately caused the fire from which the damage sought to be recovered ensued."

It is well settled in this jurisdiction that if there be conflicting evidence on an issue vital to the case, the trial court must submit the same to the jury for its determination, and therefore commits no error in denying the motion to dismiss, the motion for directed verdict, and the motion for judgment notwithstanding the verdict. Taylor v. Minneapolis, St. P. & S. Ste. M. R. Co. 63 N. D. 332, 342, 248 N. W. 268, 272. If there was evidence justifying this action of the trial court, but one question remains—Was the state of the evidence such that the trial court abused its discretion in denying defendant a new trial?

The defendant company furnished electric current and power to residence places in Lisbon, and for this purpose carried its construction right up to the homes. The company assumed the responsibility for the service wires from the poles up to the house.

It is the contention of the defendant that the plaintiff has failed to show the defendant was in any way responsible for the breaking of the wires or omitted to perform any duty or act required of it and which it was bound to perform, and further that in case the accident was caused by some act over which it had no control, there was no evidence tending to establish its failure to discover and repair the wires within a reasonable time after the happening of the event causing the damage to the wires.

The evidence shows that the company in stringing the wires passed·

them through and among the branches of a box elder tree; that there was a decayed branch of this tree which fell upon the wires; that the insulation on the wires from the service poles in through the tree to the house had been permitted to become frayed and that this condition existed for some time, the duration of which is not shown. There is evidence to show that some time must have elapsed for the tree showed erosion which, in all probability, came from the rubbing of the wires against the branches. A large limb, approximately six inches in diameter, decayed and fell over on the wires—apparently a very short time before the fire. The evidence for plaintiff shows the fire was caused by defects in these wires. They were broken, fell athwart the barn and a load of hay, and, the insulation being defective, became short-circuited, setting fire to the barn and the hay.

Before the fire broke out a witness noticed the wires from the pole "spitting" and, in an attempt to prevent disaster, endeavored to separate the wires but failed. He testified the wires from the pole through the tree became red hot. The wires broke and the fire was set. There is conflicting testimony and argument is made to the effect that the weight of the testimony is against the verdict, but we give the version as presented by plaintiff.

In order to recover, the plaintiff must show negligence on the part of the defendant, and it is commonplace that the negligence proved must be shown to have been the proximate cause of the injury.

"Proximate cause is that cause which, as a natural and continuous sequence, unbroken by any controlling intervening cause, produces the injury, and without which it would not have occurred." Johnson v. Minneapolis, St. P. & S. Ste. M. R. Co. 54 N. D. 351, 209 N. W. 786. See also Pendroy v. Great Northern R. Co. 17 N. D. 433, 446, 117 N. W. 531; Glenn v. Metropolitan Street R. Co. 167 Mo. App. 109, 150 S. W. 1092, 1095; Western R. Co. v. Mutch, 97 Ala. 194, 11 So. 894, 895, 21 L.R.A. 316, 38 Am. St. Rep. 179; Denver & R. G. R. Co. v. Sipes, 26 Colo. 17, 55 P. 1093, 1095; Nehring v. Connecticut Co. 86 Conn. 109, 84 A. 301, 305, 45 L.R.A. (N.S.) 896; Liming v. Illinois C. R. Co. 81 Iowa, 246, 47 N. W. 66, 67.

The only intervening cause shown is the falling of the dead limb onto the wires. According to the plaintiff's witness, it did not break

down the wires, but rested on them. The breaking came through the effect of the short circuit fusing or melting the wires.

The proximate cause is not necessarily the last cause, nor the sole cause, but includes any act that aided in producing the result, and without which the result would not have occurred. Louisville v. Hart (Louisville v. Schneider) 143 Ky. 171, 136 S. W. 212, 215, 35 L.R.A. (N.S.) 207; San Antonio & A. P. R. Co. v. Trigo, 49 Tex. Civ. App. 523, 108 S. W. 1193, 1194.

Where defendant's negligence is one of two or more contributing causes, none of the latter being independent efficient causes, so that the injury could not have occurred in the absence of the defendant's negligence, this negligence would be a proximate cause if the injury was a probable, natural, and usual result of the defendant's negligence. Benedict Pineapple Co. v. Atlantic Coast Line R. Co. 55 Fla. 514, 46 So. 732, 20 L.R.A.(N.S.) 92. Without the defectively insulated wires there would have been no fire under the circumstances detailed by the plaintiff's witnesses, and even though it may appear that the dead limb brought the wires together, yet without defendant's negligence in permitting this defective insulation of wires from the poles to the house and through the tree, there would have been no fire. This negligence is therefore a proximate cause. See Ross v. Smith & Bloxom, 107 Wash. 493, 182 P. 582, 583.

The falling of the dead limb was not the fault of the defendant nor shown to be the fault of the plaintiff. It certainly was negligence on the part of the defendant to permit defective insulation of its wires, and where two causes combine to produce a result, one the result of negligence, the other an incident as to which neither party is at fault, the negligent party is liable if the injury would not have happened but for such negligence. Sarber v. Indianapolis, 72 Ind. App. 594, 126 N. E. 330.

It is not necessary to review all of the evidence. We are satisfied that there was sufficient competent evidence to justify the court submitting to the jury the question of whether the defendant was negligent in stringing the wires as it did and in permitting them to become frayed as was shown, and that this negligence was the proximate cause of the fire. · If the service wires were as testified to by the witness, it was not necessary to show the exact time when the insulation deterio-

orated. The jury was justified in assuming that some time elapsed: Witnesses for the defendant testified that it was the defendant's practice to make examinations at least once a month, but there was no evidence introduced showing definitely that anyone had examined these wires according to the practice of the company nor when the last examination took place. There was sufficient evidence to submit to the jury the question of whether, though this branch of the tree broke and fell upon the wires, yet the proximate cause of the disaster was the dangerous condition of the wires themselves. According to the testimony introduced by the plaintiff this condition must have existed for a considerable length of time. It is not claimed that the court erred in any instructions given to the jury as to proximate cause, or its freedom from liability in case of an emergency or until after reasonable time had elapsed in which the company should have discovered and remedied the situation.

The trial court, in its memorandum opinion, states that it "believes that there was some evidence introduced as to the dangerous condition of the service wire, upon which a jury could base a verdict for the plaintiff" and therefore denied the motion. A review of the evidence leads us to the same conclusion. The trial court did not abuse its discretion in denying a new trial, and, therefore, the order appealed from is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE and MORRIS, JJ., concur.