MARY M. WINSHIP *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Suffolk.   December 16, 17, 1897. — March 3, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Railroad — Passenger struck by Bundle thrown from Express Car — Action.*

A passenger on a railroad train, who, having been directed by the conductor to take the rear car in order to be carried to his destination, when the train stops at a station gets out and while going along the platform toward the rear of the train is struck and injured by a bundle thrown from an express car of the train, cannot maintain an action against the railroad corporation for his injury.

TORT, for personal injuries occasioned to the plaintiff while upon the platform of the defendant's station at Quincy. Trial in the Superior Court, before *Bishop,* J., who ruled that the plaintiff was not entitled to recover; directed the jury to return a verdict for the defendant; and reported the case for the determination of this court. If the ruling was right, judgment was to be entered on the verdict; otherwise, the case was to stand for trial. The facts appear in the opinion.

The case was argued at the bar in December, 1897, and afterwards was submitted on briefs to all the justices.

*J. W. Corcoran,* (*W. B. Sullivan* with him,) for the plaintiff.

*J. H. Benton, Jr. & C. F. Choate, Jr.,* for the defendant.

HOLMES, J. This is an action for personal injuries received by the plaintiff while a passenger on the defendant's train. She had been directed by the conductor to take the rear car in order to be carried to Randolph, her destination. When the train stopped at Quincy she had got out and was going toward

the rear of the train when she was struck by a bundle which was thrown from one of the cars.

The judge ruled that the defendant was not liable, undoubtedly on the assumption that it was not controverted that the bundle was thrown from an express and baggage car which was on the train. On that assumption the ruling was correct. If the plaintiff's case had stopped with the fact that the bundle which struck her came from the defendant's train, she would have been entitled to go to the jury, because the jury would have been warranted in saying from their general experience that parcels commonly are not thrown from trains by passengers, and when thrown are thrown most commonly by railroad hands. If this had been the opinion of the jury, they would have been warranted in presuming that what they thought usual had happened in this case. The plaintiff had a right, of course, to stop with the case supposed, and to controvert any additional evidence that might be offered to qualify or control it. But if the plaintiff did not choose to stop with the fact that the bundle was thrown from the train, but saw fit to go further and show it to have been thrown from an express car, by her own act she destroyed her right to go to the jury, because a jury certainly could not say that bundles thrown from an express car or from an express and baggage car generally are thrown by train hands rather than by expressmen, and therefore could not make the necessary presumption of fact against the defendant and in favor of the plaintiff. If the bundle was thrown by an expressman not a servant or agent of the company, the defendant was not liable. St. 1894, c. 469, § 3.

Upon the testimony, the judge was warranted in understanding and assuming the plaintiff's own case to be that the bundle came from the express and baggage car, and in ruling upon that assumption. Not merely was all the testimony in the case to that effect, so that if the jury had accepted so much as imported that the bundle came from the train, and had rejected the specification attached that it came from an express car, such a selection and rejection would have been simply arbitrary, and unjustified by argument or reason ; but the plaintiff herself testified that she noticed the express car, and saw a man and a long bundle with one end raised as though the person was in the act

of unloading a package, and that immediately afterwards she was hit. Under such circumstances the judge reasonably might assume that the facts were as the plaintiff testified. If her counsel had wished to contend that she was mistaken, and in the face of all the evidence to argue to the jury that the parcel came from a different car or was not thrown by an expressman, he ought to have given the judge some notice of his wish, and to have made it appear that he did so, before complaining that the judge assumed that what the plaintiff said was true.

*Judgment on the verdict.*