### CHARLES A. BUCKLAND *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Suffolk.    November 19, 1901. — March 1, 1902.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Negligence,* On railroad. *Evidence,* Prima facie case.

Assuming that in an action for negligence by a passenger against a railroad company, if the plaintiff shows that the car in which he was being carried was derailed, he may rest as having made out a prima facie case, yet if he goes on and shows by his witnesses the exact cause of the accident and discloses no negligence on the part of the defendant, he is not entitled to go to the jury.

A carrier of passengers is not responsible for hidden defects in a switching apparatus which could not be discovered by the most careful inspection.

A railroad company is not liable for an injury to a passenger from the derailment of a car caused by the breaking of a pin within a pipe of a switch holding a rod which moved a pair of frogs connected with the track, if the appliance was one in universal use and of the best kind and the switch had been carefully inspected at proper intervals.

TORT by a railway mail clerk in the employ of the United States, travelling on a pass called his " commission," against a railroad company for injuries caused by the derailment and overturning of a car of the defendant in which the plaintiff was lying asleep on a table.    Writ dated November 17, 1898.

The case was tried in the Superior Court before *Richardson,* J.   At the close of the evidence the defendant requested the judge to rule as follows: 1. Upon all the evidence the defendant is not liable.   2. The plaintiff was not a passenger within the legal significance of that term.   3. The plaintiff has failed to show that the defendant was negligent in any of the respects charged in his declaration.   4. There is no evidence of negligence in the operation of the switches, trains or railroad.

The judge refused to make these rulings, and gave instructions to the jury not now material.   The jury returned a verdict for the plaintiff in the sum of $5,000 ; and the defendant alleged exceptions.

*C. F. Choate, Jr.,* for the defendant.

*M. Coggan,* for the plaintiff, submitted a brief.

LATHROP, J.  If we assume that the plaintiff was a passenger, and might have rested his case by showing that the car in which he was riding was derailed, thus making out a prima facie case, he did not choose to do so, but went on and showed by his own witnesses just how the accident happened.   Unless, therefore, the evidence put in by him tended to show negligence on the part of the defendant, he was not entitled to go to the jury. *Winship* v. *New York, New Haven, & Hartford Railroad,* 170 Mass. 464.

The declaration alleges that the derailment of the train was caused by reason of the defective condition of the roadbed, tracks, switches, switching appliances, signals, signal connections, and ways and works of the defendant, and that the defective condition was caused by the negligence of the defendant.

An examination of the evidence fails to show any evidence of negligence on the part of the defendant.   The accident was

caused by the breaking of a pin in a pipe, whereby a rod within the pipe, which moved a pair of frogs connected with the track upon which the train ran, was drawn apart, and so, although the proper motions were gone through with in the tower, the switch did not turn. The appliance which parted was one in universal use upon railroads throughout the country, and was the best known at the time. It was put in by the Union Switch and Signal Company, a company of high standing, which supplies goods to all railroads. Three experts for the plaintiff, of great experience, testified that there was no precedent for such an accident. The accident occurred soon after five o'clock in the morning, and the apparatus had worked all right two hours and twenty-five minutes before the accident. The evidence showed that the system of interlocking switches was carefully inspected about once a week, and it is difficult to see what more the defendant could have done. There was other evidence put in by the plaintiff which showed that there was no defect in any of the other particulars set forth in the declaration.

A carrier of passengers, while bound to use the utmost care consistent with the nature and extent of its business, is not responsible for hidden defects, which could not have been discovered by the most careful inspection. *Ingalls* v. *Bills*, 9 Met. 1. *Ladd* v. *New Bedford Railroad*, 119 Mass. 412. *Readhead* v. *Midland Railway*, L. R. 2 Q. B. 412, and L. R. 4 Q. B. 379.

A majority of the court is therefore of opinion that the first, third and fourth requests for instructions should have been given.

*Exceptions sustained.*