*S. Hoar*, for the plaintiffs.

*S. L. Whipple*, for the defendant.

---

HENRY W. GALLIGAN *vs.* OLD COLONY STREET RAILWAY COMPANY.

MARGARET E. GALLIGAN *vs.* SAME.

Plymouth.   October 21, 1902. — October 30, 1902.

Present: MORTON, LATHROP, BARKER, & LORING, JJ.

*Negligence, Res ipsa loquitur.   Street Railway.*

In an action against a street railway company for personal injuries, after a plain-tiff has shown that the car in which he was being carried was derailed by a large

stone which had rolled upon the track from a neighboring embankment, it is too late for him to rely on the mere derailment as evidence of negligence.

Where the tracks of a street railway company are laid upon a portion of a public highway not used for common travel and excavated for the purpose through a ledge leaving an embankment from eight to ten feet high from four to six feet from the nearer rail, the company as to its passengers is bound to exercise the same degree of care to prevent the rolling of stones from the embankment upon its track that it would be bound to use if the embankment were part of a location on the company's own land or of one taken from private owners under the right of eminent domain, and this degree of care is the same that is required in regard to the equipment and management of the company's cars and the construction of its tracks.

Two ACTIONS OF TORT respectively by a husband and wife for injuries alleged to have been suffered by both through the negligence of the defendant, with a count in the husband's declaration for the loss of the society of his wife. Writ dated February 27, 1901.

The trial in the Superior Court before *Hardy*, J. took the course described in the opinion. The jury returned a verdict for the defendant in each case; and the plaintiffs alleged exceptions.

*R. W. Nutter*, for the plaintiffs.

*H. F. Hurlburt*, (*D. E. Hall* with him,) for the defendant.

BARKER, J. The story of the accident which caused the injuries for which compensation is sought is not now in dispute. The street railway on which the plaintiffs were passengers was located in March, 1898, and constructed and put in operation in the summer of that year. On December 23, 1900, in the evening after dark the car properly equipped and manned was running from Providence to Taunton, and it was conceded that the accident was not due to negligence of the persons by whom it was controlled. The tracks were within the bounds of a highway, not in that part used for common travel, but in a cut or depression excavated for them through a ledge. The side of this cut most distant from the part of the way fitted and used for ordinary travel was from eight to ten feet high and from four to six feet from the nearer rail, and was nearly or quite vertical for five or six feet up and then sloped back at a slight angle. In it was a cleft beginning two and one half or three feet higher than the rail and running in the shape of a V to the top of the ledge at a point about eight feet above the rail and about ten feet back measured horizontally. In the cleft was

earth or soil.  After the passage of the next preceding car, which went through about half or three quarters of an hour before, the earth in the cleft caved, and a stone rolled down out of it and stopped between the rails.  The stone was oval or rounded and of such size that when the car on which the plaintiffs were came in contact with it the car was derailed and the plaintiffs were hurt.

At the trial they sought to recover under counts which alleged that the defendant so unskilfully and improperly cared for the embankment that the stone was permited to roll out of it upon the track in consequence of which the car was derailed and the injuries complained of sustained.  After a ruling, unobjected to, that there was no evidence to warrant a finding that the accident was due to those in control of the car, the cases were sent to the jury, who returned verdicts against the plaintiffs. The defendant among other requests had asked the court to instruct the jury as follows :

" 4.  The burden is upon the plaintiff in these cases to show that the accident was caused by the negligence of the defendant or its servants and agents, and the mere happening of the accident is no evidence of negligence."

" 8.  The care which the defendant railroad company was bound to exercise with reference to the ledge or embankment was reasonable care, and not the highest degree of care."

The judge did not give the rulings in the language requested. After the charge the defendant's counsel saved exceptions because the judge declined to give certain rulings which the defendant had requested.  Counsel for the plaintiffs then said, " And for the plaintiff, if your Honor will save four and eight of the defendant's requests which were given," *to* which the judge replied, " Well, all right."  Aside from the effect of this colloquy no exception was taken by the plaintiffs, and they made no specific objection to any part of the charge.

The defendant contends that as neither of the two requests specified was in fact given in terms no exception to the charge was saved by the plaintiffs.  We think this view too narrow, and that while the plaintiffs cannot rely upon possible inconsistencies between different sentences of the charge relating to the same subject, not having pointed them out at the time, still it is open to them to question the general correctness of

the charge upon the two points treated of in the requests mentioned.

1. We are of opinion that the plaintiffs cannot complain of the instruction that the mere happening of the derailment, or the mere happening of the accident, was not in and of itself evidence of negligence on the part of the defendant. The plaintiffs had alleged and shown not only a derailment, but also that it was caused by the presence between the rails of a large stone which had rolled upon the track from the adjoining bank, and the issue which was treated at the trial as the decisive one to be settled by the jury was whether the stone was upon the track by the fault of the defendant. The plaintiffs by going as far as they did had made it impossible for themselves to rely upon the mere derailment as evidence of negligence. *Winship* v. *New York, New Haven, & Hartford Railroad*, 170 Mass. 464, 465. *Buckland* v. *New York, New Haven, & Hartford Railroad*, 181 Mass. 3.

2. The remaining question is whether the rule as to the degree of care to be exercised by the defendant with reference to the ledge or embankment was correct. In one sense the ledge being a part of the highway not within the tracks and more than eighteen inches distant from that part of the highway which they occupied was not within the defendant's care. Still, its right under its location included that of maintaining and operating its road, and carried with it the right so to deal with the ledge or bank that the fall of material from it should not obstruct or endanger the running of cars upon the track. We see no reason why the defendant was not bound as to its passengers to exercise the same degree of care to prevent injury to them in consequence of the rolling of stones from the embankment upon the track that it would have been bound to use if the place had not been part of a highway and had been part of a location upon the defendant's own land, or of one taken from private owners by the exercise of the right of eminent domain under a grant of power from the Legislature. This degree of care is the same as that required with reference to the equipment and management of the cars or the construction of its tracks. *McElroy* v. *Nashua & Lowell Railroad*, 4 Cush. 400, 402. It is the highest degree of care consistent with the nature of the un-

dertaking, which is the management or operation of the road as a common carrier of passengers ; or, in other words, the requirement is reasonable care according to the nature of the contract. *Feital* v. *Middlesex Railroad,* 109 Mass. 398, 405. *Dodge* v. *Boston & Bangor Steamship Co.* 148 Mass. 207, 218.

We are of opinion that such was the rule intended to be given in the charge, and that so it must have been understood by the jury; and that if the plaintiffs thought the statement of the rule such that it might have been misunderstood, they should have called the attention of the judge particularly to the point and requested some specific modification of the language used. The chief issue to the jury was whether the derailment was caused by a pure accident happening without the failure of due care on the part of any one. It was conceded that there was no want of care on the part of the persons in charge of the car and no want of care was contended for by the plaintiffs except with reference to the embankment. Upon that point after stating that as to the equipment and management of the car the highest degree of care consistent with the proper management of the road was required the presiding judge said : " But with reference to the care of that embankment the rule is somewhat different. It is incumbent upon the company to satisfy you that it has used a reasonable degree of care, that is, a care commensurate with the apparent danger there might be to the safety of life and limb of passengers or to the safety of those who are carried by the railway company. That is a care which must be considered in connection with the business that is carried on. It is proper for you to consider, in connection with the care that is required, what was necessary, when you are considering that cars are liable to move at the rate of ten or twelve miles an hour in the night; and was there reasonable care used in this case ? "

The only particular in which the statement is open to criticism is the single sentence in which, after speaking of " the highest degree of care consistent with the proper management of the road " as that which the company is bound to exercise as to the equipment and management of the car, it is said that " with reference to the care of that embankment the rule is somewhat different." But the rule as immediately thereafter stated required of the defendant a degree of care commensurate

with the apparent danger there might be to the safety of passengers, in connection with the business carried on and with the way it was conducted. It did not allow the jury to find that reasonable care was less than the highest care consistent with the undertaking. In one respect it was too favorable to the plaintiffs; namely, in saying that it was incumbent upon the defendant to satisfy the jury that it had used care commensurate with the danger. If the plaintiffs deemed it important that the jury should be told that reasonable care as to the embankment required the highest degree of care consistent with the nature of the defendant's business a specific request to that effect should have been made. The colloquy between counsel and the court had no tendency to point out that the particular statement was objected to that the rule with reference to care as to the embankment was somewhat different from that given as to the equipment and management of the car, about which there was no question before the jury.

*Exceptions overruled.*