AMANDA NORDQUIST *vs.* J. EDWARD FULLER.

Worcester. September 29, 1902. — January 7, 1903.

Present: MORTON, LATHROP, BARKER, & LORING, JJ.

*Negligence*, Employer's liability, Ways, works and machinery, Superintendence.

An employer is not liable for the injury or death of a workman caused by the breaking of a chain, bought by the employer from a reputable firm, from its being overloaded by the workman's fellow servants.

It is not negligence on the part of a superintendent to leave to the men working under him the loading of a chain by which planks are hoisted in the construction of a building, and if the workmen, seeing that the planks are wet and on that account much heavier, negligently load the chain with the usual number of planks and the chain breaks from overloading, the negligence of the workmen cannot be imputed to the superintendent.

MORTON, J. While at work upon a building which the defendant was erecting the plaintiff's husband was instantly killed by the falling upon him of a lot of plank which was being hoisted up on to one of the floors of the building. The fall was caused by the breaking of the chain with which the planks were bound together. This action is brought by the plaintiff under the employers' liability act to recover damages for the death. At the close of the plaintiff's evidence the defendant asked the judge to rule that the plaintiff was not entitled to recover and to direct a verdict for the defendant. The judge so ruled and ordered a verdict for the defendant. The case is here on exceptions to this ruling.

We think that the ruling was right. We assume without deciding, that the chain which broke was part of the ways, works and machinery, and that there was evidence tending to show that one Wheeler was acting as superintendent and that his sole or principal duty was that of superintendence. But we think that the breaking of the chain was due to overloading it, and not to any defect in the chain, and that the overloading was the act of fellow servants, and not the result of any negligence on the part of Wheeler. There was uncontradicted evidence tending to show that the chain had been bought about a year before from a reputable firm, and that it had been tested by the firm before it was sold. There was evidence that one end of the link which broke showed a flaw on the inner side near the weld and looked rusty. But the link broke at the opposite end, and where it broke it was quite bright as one of the witnesses testified. In addition to the fact that the chain had been bought of a reputable firm, *Buckland* v. *New York, New Haven, & Hartford Railroad*, 181 Mass. 3, the flaw, if there was one, did not contribute to the accident. There was testimony that the chain would safely carry from one to two tons and that the load under which it broke weighed three tons, one witness, the brother of the plaintiff's husband, testified six tons; but it is manifest that he was mistaken. The lumber was green spruce and was also wet which made it heavier. There was the usual number of planks in the load, from sixty to seventy. There is nothing to show that Wheeler gave any directions as to the loading, or that he was present on the spot when the load was made up. It must

have been obvious to the men who were making up the load that the planks were wet, and if they put on more planks than the chain could safely carry in the condition in which they were, we do not see how their act can be imputed to negligent superintendence on the part of Wheeler. It was one of the details which he could properly leave to the men who were doing the work, and any negligence on their part would be the negligence of fellow servants.

*Exceptions overruled.*

*H. W. King & C. M. Rice*, for the plaintiff.
*C. C. Milton & D. F. Gay*, for the defendant.