JOHN OBERTONI *vs.* BOSTON AND MAINE RAILROAD.

Berkshire.    September 13, 1904. — October 18, 1904.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Master and Servant.   Negligence, Res ipsa loquitur.   Railroad.*

A brakeman and a flagman at a railroad crossing are not acting in the course of their employment when tossing a signal torpedo back and forth and afterwards leaving it on the crossing, where it is found by a boy who cracks it open and is injured.

The fact that a railroad signal torpedo is found on the planking of a railroad crossing does not in itself warrant the inference that it was left there by the servants of the railroad company in the course of their employment, and is not evidence of negligence on the part of the railroad company in an action brought against it by a boy eight years old, who found the torpedo on the crossing and was injured while cracking it with a rock.

TORT, by a boy eight years old when injured, for personal injuries caused by the alleged negligence of the defendant and

its servants in leaving a signal torpedo on the public crossing of the defendant's railroad on Furness Street in North Adams, where it was found by the plaintiff, who, believing it to be harmless, took it home and cracked it with a rock, receiving the injuries alleged. Writ dated November 6, 1903.

At the trial in the Superior Court before *Maynard, J.*, the jury returned a verdict for the plaintiff in the sum of $200 ; and the defendant alleged exceptions.

*D. Malone*, for the defendant.

*J. H. Mack*, for the plaintiff.

LORING, J. The evidence in this case warranted a finding that the plaintiff, a boy eight years of age, found a signal torpedo on the planking of the railroad, at a grade crossing of a highway; that he took it home and, not knowing the danger, cracked it with a rock and was hurt. In addition there was the testimony of one Paris that "a brakeman threw the torpedo to the flagman at the crossing and it dropped at his feet as he did not catch it; that the flagman threw it back to the brakeman and he did not catch it and the torpedo dropped to the ground"; that "after the train went by, the flagman went back to his covered station without picking it up."

The defendant contends that there was no evidence of negligence on its part, and we are of opinion that in this contention it is right.

The plaintiff's position is that if the story told by Paris was believed the defendant was liable, and he relies on *Harriman* v. *Railway Co.* 45 Ohio St. 11, in support of that contention, to which may be added the subsequent case of *Railway Co.* v. *Shields*, 47 Ohio St. 387, as cases of the highest court of another State.

But we are of opinion that if the torpedo came to and was left on the planking in the way testified to by Paris the defendant is not liable, and for the reason that the jury were not warranted in finding that the brakeman and flagman in throwing the torpedo back and forth and leaving it on the crossing were acting in the course of their employment. There is nothing in the evidence in this case, or in the common knowledge of mankind, as to railroad signal torpedoes, which would make it the duty of a brakeman to throw a torpedo to a flagman. All

that was declared as to the use of railroad torpedoes in evidence in this case was that "signal torpedoes were used by railroads in signalling, being fastened upon the rails and containing an explosive." There was nothing in the evidence showing that it belonged to a flagman at a railroad crossing to signal trains by torpedoes or otherwise, much less is that within the common knowledge of mankind. If the use of railroad torpedoes is a fact within such common knowledge at all, the flagman has nothing whatever to do with signalling trains or with torpedoes. The case comes within the rule laid down in *Howe* v. *Newmarch*, 12 Allen, 49, which was applied in *Hankinson* v. *Lynn Gas & Electric Co.* 175 Mass. 271, and *Brown* v. *Boston Ice Co.* 178 Mass. 108. See also *McCarthy* v. *Timmins*, 178 Mass. 378.

The two cases from Ohio relied on by the plaintiff in the case at bar are entitled to great consideration as cases of the highest court of another State; but after a careful consideration of them, we are of opinion that they are not in accordance with the settled law of this Commonwealth and should not have been followed by the judge presiding at the trial.

The remaining question is whether the plaintiff was entitled to go to the jury on the fact that the torpedo was found on the planking.

A witness put upon the stand by the defendant contradicted the entire story told by Paris. That entitled the plaintiff to raise the question whether the presence of the torpedo on the planking was sufficient evidence that it was there through negligence on the part of the defendant or its servants, and that the defendant was liable on that ground if Paris's story was not believed. The case comes within *Cassady* v. *Old Colony Street Railway*, 184 Mass. 156, which goes on the same principle as *Winship* v. *New York, New Haven, & Hartford Railroad*, 170 Mass. 464, where the opposite conclusion was reached, and not within *Buckland* v. *New York, New Haven, & Hartford Railroad*, 181 Mass. 3, and *Galligan* v. *Old Colony Street Railway*, 182 Mass. 211.

But we are of opinion that the presence of the torpedo on the planking is not evidence which, by the common experience of mankind, justifies the inference that it would not have been there but for the negligence of the railroad or its servants in the

course of their employment. The fact that it was a railroad signal torpedo warranted the inference that it was left on the crossing by some one who took it from the defendant railroad, but did not warrant the further inference that it came there through some negligent act of the defendant or of its employees, in the course of the business of the defendant. It is equally probable that it was taken from the railroad by a stranger, or by an employee for some purpose of his own outside his duty as an employee. The burden is on the plaintiff to prove that it came there by the act of the defendant or of its employees in the course of its business. We are of opinion that from its presence on the planking the jury were not warranted in inferring that it was there through the act of an employee done in the course of the defendant's business.

The nearest case where it has been held that such an inference could be drawn is the case where a pail of sand fell from a railroad bridge, coupled with evidence that no one was to be seen on the bridge immediately after the accident. *Lowner* v. *New York, New Haven, & Hartford Railroad*, 175 Mass. 166. The last case in which it was held that *res ipsa loquitur* did not apply was *Wadsworth* v. *Boston Elevated Railway*, 182 Mass. 572. Some of the earlier cases are collected in that opinion.

Under these circumstances it is not necessary to consider the other questions argued.

*Exceptions sustained.*