JOSEPHINE A. RUST *vs.* SPRINGFIELD STREET RAILWAY COMPANY.

Middlesex. January 15, 1914.— February 27, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, & CROSBY, JJ.

*Negligence,* Street railway.

At the trial of an action by a woman thirty-one years of age against a street railway company for personal injuries resulting from her being thrown from an open street car of the defendant by reason of its negligent operation, the plaintiff testified that, after she had been unable to attract the conductor's attention in order to have the car stopped at a certain street, she spoke to him as he was standing beside the motorman and as the speed of the car was being diminished, that he said something to the motorman and she moved from the centre to the right end of the seat, whence she expected to alight, and was sitting there with her feet firmly on the floor of the car and her left hand on the back of the seat in front of her, when there was a "sudden terrible jerk," that she seized the upright stanchion with her left hand, that one foot went down upon the running board and the other remained on the floor of the car, when immediately she saw "the motorman with the brake reversing" and she was thrown from the car to the street about at a curbing which was fifteen feet from the nearest car rail. *Held,* that there was evidence for the jury of due care of the plaintiff and of negligent operation of the car by the motorman.

TORT for personal injuries alleged to have been caused by the negligent operation of an open street railway car of the defendant. Writ dated August 17, 1912.

In the Superior Court the case was tried before *Pratt,* J. At the close of the plaintiff's evidence, which is described in the opinion, the judge ordered a verdict for the defendant, and, by agreement of the parties, reported the case for determination by this court, judgment to be entered for the plaintiff in the sum of $2,000 if the ruling was wrong, and, if the ruling was correct, judgment to be entered upon the verdict.

*F. R. Mullin,* (*P. F. Spain* with him,) for the plaintiff.

*J. B. Ely,* for the defendant.

CROSBY, J. The plaintiff, a woman thirty-one years of age, boarded a car of the defendant on Main Street in Springfield. It was a short open car, about thirty-five feet long. She sat near the centre of a seat in the middle of the car, and was intending to

alight at the corner of Willow and State Streets. The car passed down Main Street and turned easterly up State Street, the latter having an ascending grade from Main Street. Willow Street, where the plaintiff desired to alight, leads off State Street, on the right as the car proceeds up the hill, and is the second street before coming to Maple Street, which also leads off State Street on the right.

The plaintiff testified on her direct examination that she tried to attract the conductor's attention, but did not succeed in time; that he was standing on the front end of the car; that as the car came to Dwight Street, which leads off State Street on the left at a point between Willow and Maple Streets, she called to the conductor "about three times, and then he looked towards her;" that the car was "slowing up" and he "said something to the motorman;" that she "moved from the centre of the seat along to the end waiting for the car to stop, 'as I would get off when it stood still, but there was a sudden terrible jerk, and I was thrown forward, and I grabbed the upright of the car, to save myself, with my left hand, and one foot went down on the running board and the other one remained on the floor of the car; and it seemed just a second before the car started forward again; and in the position I was in, I could see the motorman with the brake reversing . . . and I was thrown right out on the street at the curved sidewalk, almost at the curbing.'" She further testified that she could not say whether the conductor rang any bell at the time she succeeded in attracting his attention, and that just before the jerk occurred the car was running slowly and was not going faster than one would walk.

On cross-examination she testified that she had a bag and a raincoat in her right hand; that after she had moved over to the end of the seat she had her left hand on the back of the seat in front; that she was sitting down with her feet firmly on the floor; that she was in that position for two or three seconds before the jolt came; and that she tried to save herself, and grabbed the stanchion and held on until she was thrown to the ground immediately thereafter. The evidence showed that the distance from the nearest car rail to the curbing on the southerly side of State Street is fifteen feet. If the accident happened as testified to by the plaintiff, and as the jury had a right to find, it could not be ruled that

she was not in the exercise of due care. Her conduct was therefore a question for the jury under proper instructions.

The question whether the motorman was negligent in his management of the car in our opinion was also for the jury. It has been uniformly held that a street railway company is not liable for injuries to passengers occasioned by the ordinary jerks, jolts or lurches of cars in starting or stopping, or in running over switches or around curves, because they are the usual incidents of travel in the careful operation of cars. Although the motion of a car may be characterized by witnesses as unusual, or, as was testified to by the plaintiff, there was "a sudden terrible jerk," yet it is not sufficient in the absence of other evidence to warrant a finding of negligence. *Foley* v. *Boston & Maine Railroad,* 193 Mass. 332. *McGann* v. *Boston Elevated Railway,* 199 Mass. 446. *Flanagan* v. *Boston Elevated Railway,* 216 Mass. 337. If, therefore, nothing more appeared in this case than an ordinary jerk or jolt in stopping the car at the time the plaintiff was injured, the defendant would not be liable.

The jury could have found however that the jerk in the management of this car was much greater and more abrupt and violent than is usual, and that the motorman was guilty of negligence.

There was indirect evidence that the plaintiff, while seated in the car with her feet firmly on the floor and with her left hand holding on to the back of the seat in front of her, was suddenly thrown partially upon the running board; that she grabbed the stanchion with her left hand, and while in this position the car immediately started forward and she was thrown out on to the street nearly to the curbing, about fifteen feet away. Evidence of these physical facts is evidence from which it may be inferred that there was negligence in the operation of the car.

The account of this accident, as given by the plaintiff in her testimony, is not a description of what ordinarily would happen to a passenger in the usual course of travel upon an electric car in good condition and carefully operated. The defendant as a common carrier of passengers owed the plaintiff the duty of exercising toward her the highest degree of care consistent with the practical conduct of its business, including the operation of its car. If the circumstances connected with the management of the car could be explained by the defendant as consistent with the

duty which it owed to the plaintiff, then there could be no liability; — in the absence of such explanation it could be inferred that the defendant was negligent.

As was said by this court of the plaintiff in *Magee* v. *New York, New Haven, & Hartford Railroad,* 195 Mass. 111, 113: "Her narration of the events conveys a definite conception of specific physical facts, which do not, in the common course of events, happen to a carefully operated train composed of cars in good repair and equipped with safe and adequate appliances. If the incident occurred by reason of any conditions beyond the control of the defendant, this was peculiarly within the knowledge of the defendant. But it did not offer any explanation. In the absence of any such explanation, an inference was justified, that the injury to the plaintiff came from a cause for which the defendant was responsible." *Egan* v. *Old Colony Street Railway,* 195 Mass. 159. *McGann* v. *Boston Elevated Railway,* 199 Mass. 446. *Lacour* v. *Springfield Street Railway,* 200 Mass. 34. *Black* v. *Boston Elevated Railway,* 206 Mass. 80. *Nolan* v. *Newton Street Railway,* 206 Mass. 384. *Work* v. *Boston Elevated Railway,* 207 Mass. 447. *Webber* v. *Old Colony Street Railway,* 210 Mass. 432.

There was also direct evidence that after the jerk occurred which threw the plaintiff from her seat the motorman applied the reverse and the car immediately started forward, causing her to lose her hold on the upright, and threw her on to the street; and that the car was not brought to a stop until it had reached a point about one hundred feet from where she was thrown out. *Cutts* v. *Boston Elevated Railway,* 202 Mass. 450.

On the evidence the jury were warranted in finding that the plaintiff was in the exercise of due care and that the motorman was negligent in operating the car.

In accordance with the agreement of the parties the entry must be

*Judgment for the plaintiff in the sum of* $2,000.