JOHN STANGY *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    January 18, 1915. — February 27, 1915.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Negligence*, Street railway, *Res ipsa loquitur.* *Carrier*, Of passengers. *Evidence*, Presumptions and burden of proof. *Practice, Civil*, Exceptions.

Where a passenger in a street railway car was injured by glass that fell from one of the car windows that was broken with a "crash" when a coal wagon came in collision with the side of the car and there is nothing to show who, if anybody, was negligent or at fault, the injured passenger has no remedy against the railway company operating the car.

Where it appears that a passenger in a street railway car was injured by reason of a collision of a coal wagon with the side of the car, there can be no resort to the doctrine of *res ipsa loquitur*, under which the happening of an unexplained accident on a street railway car may raise a presumption of fact of negligence on the part of the corporation operating the car.

Testimony stricken out by order of the presiding judge at a trial cannot be considered by this court in behalf of the plaintiff upon an exception of the plaintiff to the ordering of a verdict for the defendant, if the plaintiff did not except to the order striking out the testimony, even if the testimony stricken out may have been competent.

TORT for personal injuries sustained by the plaintiff on February 13, 1911, when he was a passenger in a street railway car operated by the defendant on Boylston Street in Boston. Writ in the Municipal Court of the City of Boston dated March 22, 1911.

On appeal to the Superior Court the case was tried before *Lawton,* J. The plaintiff's evidence is described in the opinion. The witness Carmichael was a police officer. The part of his testimony referred to in the opinion as ordered stricken out by the judge was as follows: He was asked the question, "Now where was the end of the team with reference to this broken window or those broken windows?" He answered, "The car had passed the team a little ways, and, I remember, it was along side of the car when the front struck it slued it around." The judge then said, "You

didn't see that, did you?" and the witness said, "No." The judge then ordered the answer stricken out. The witness then added, "That was from appearance." He was asked by the plaintiff's counsel, "Was that all you saw?" and answered, "Why, I just saw the position of the team." No exception was taken to the striking out of the answer of the witness quoted above.

At the close of the plaintiff's evidence the judge ruled that the plaintiff was not entitled to recover and ordered a verdict for the defendant. The plaintiff alleged exceptions.

*A. R. Kelley,* for the plaintiff.

*S. E. Wardwell,* for the defendant.

RUGG, C. J. The plaintiff, while a passenger in a trolley car running on the surface of Boylston Street in Boston, was injured by glass from the car windows broken by a "crash." The material evidence as to the way in which the windows were broken was offered by the plaintiff, and tended to show that the car was a large one and that the third or fourth window from the front of the car and one or two windows behind that were broken. Immediately thereafter a coal team belonging to one Batchelder was seen standing on the street, the horses facing "in toward the curbstone and the rear half of the wagon about five or six inches away from the car," or, as another witness testified, the team was alongside the trolley car and "parallel with the exception of slewing around when it collided," and that "the rear of the wagon was closer in to the side of the car than the horses' heads were." It also was testified that "there was a fence sticking way out from the sidewalk about up and below there," and that there was plenty of room for a team to pass between this structure and the rail.

This evidence fails to show negligence on the part of the defendant. The injury to the plaintiff resulted from a collision between the car in which he was travelling and a coal wagon. But there is nothing to indicate by whose fault this was caused. The car of the defendant was upon a public street and not in a location devoted exclusively to its uses. The mere fact of a collision between travellers on a public way without more is not enough to fasten negligence upon either, especially where as here the side and not the forward end of the car is concerned. Whether the defendant or the persons in charge of the coal team were negligent

is left wholly to conjecture. *Niland* v. *Boston Elevated Railway,* 213 Mass. 522. *Deagle* v. *New York, New Haven, & Hartford Railroad,* 217 Mass. 23. The case at bar is not within the doctrine of *res ipsa loquitur,* which oftentimes is enough to support a finding of negligence on the part of a common carrier. *Rust* v. *Springfield Street Railway,* 217 Mass. 116. *Bell* v. *New York, New Haven, & Hartford Railroad,* 217 Mass. 408. That doctrine does not establish liability where a definite cause is clear on the evidence. It applies only when the cause, although unexplained, does not happen according to common experience without fault on the part of the defendant.

The case at bar is not an instance, of an unsuccessful attempt to prove the precise cause, which would not bar the plaintiff from relying upon appropriate presumptions, but it is a case where inferences are excluded because the cause is disclosed to be a definite fact. *Cassady* v. *Old Colony Street Railway,* 184 Mass. 156, 163. *Galligan* v. *Old Colony Street Railway,* 182 Mass. 211. *Winship* v. *New York, New Haven, & Hartford Railroad,* 170 Mass. 464. *Cook* v. *Newhall,* 213 Mass. 392, 395. *Buckland* v. *New York, New Haven, & Hartford Railroad,* 181 Mass. 3. In cases of this sort such fact must be shown to be the result of the defendant's negligence before there can be recovery.

The testimony of the witness Carmichael was stricken out by order of the presiding judge and cannot be considered. It is not necessary to determine whether it was competent, for no exception was taken to that order.

*Exceptions overruled.*