SAMUEL Z. GOLDBERG vs. R. FEDERMAN.

Suffolk.  November 13, 1918. — December 31, 1918.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Evidence*, Presumptions and burden of proof, Circumstantial. *Negligence*, Over-
flowing water.

In an action, by a wall-paper dealer occupying for storage the third floor of a
building against another wall-paper dealer occupying also for storage the fourth
floor or loft of the same building, for damage by water to the plaintiff's wall-
paper stock, it appeared that the top or fifth floor had been vacant for about
a month, that on the afternoon of the day of the damage the defendant with
employees was working in his loft, which he and his employees left at about
a quarter to five o'clock, locking the doors, and did not return, that at about
half past eight o'clock in the evening of the same day the owner of the build-
ing, after finding the doors locked, forced a window in the defendant's loft
and discovered water flowing at full pressure from the faucet into the sink
and the sink full of water overflowing upon the floor. The next morning a
witness visited the fifth floor above the defendant's loft and found no signs
of water there. The plaintiff's wall-paper stock was injured by water from
above. *Held*, that on this circumstantial evidence a finding for the plaintiff
was warranted.

In the case above described the defendant, when called by the plaintiff as a wit-
ness, testified that the faucet and sink were used only once during the day of
the accident and then by a man working on the outside of the building, who
washed blood from his injured hand. *Held*, that the trial judge was not pre-
cluded by this evidence from drawing the inference that the overflowing of the
water was caused by negligence of the defendant or of one of his servants.

TORT for damage by water to the plaintiff's wall-paper stock
stored on the third floor of the building numbered 10 and 12 on
Lyman Street in Boston, alleged to have been caused by the
negligence of the defendant and his servants, who occupied the
fourth floor of the same building also for the storage of wall-
paper. Writ in the Municipal Court of the City of Boston dated
December 30, 1916.

At the trial in the Municipal Court the judge refused to rule
upon the evidence, which is described in the opinion, that "On
all the evidence the plaintiff is not entitled to recover." He
found for the plaintiff in the sum of $163.35, and at the request
of the defendant reported the case to the Appellate Division.

The Appellate Division made an order that the report be dismissed; and the defendant appealed.

*E. M. Dangel*, for the defendant, submitted a brief.

No brief was filed for the plaintiff.

RUGG, C. J. This is an action of tort to recover for damages by water to wall-paper stock. The plaintiff and the defendant are competitors in the wall-paper business. The plaintiff occupied the third and the defendant the fourth floor or "loft" of a comparatively new building, each as tenant using the space for storage. The top or fifth floor of the building had been vacant for about a month before the event here in question. Neither the plaintiff nor the defendant exercised any control over the plumbing, which was under the charge of the owner. On the afternoon of December 27, 1916, an employee of the plaintiff was shipping wall-paper from his loft, leaving the premises about six o'clock, and the defendant with employees was working in his loft, which he quitted about a quarter before five o'clock, leaving both doors locked, and did not return. The owner of the building testified that at about half past eight o'clock of the same evening he forced a window in the defendant's loft, after finding both doors locked, and discovered water flowing from the faucet into the sink at full pressure and the sink full of water overflowing on to the floor. The next morning a witness visited the fifth floor, but found no signs of water. The plaintiff's wall-paper stock was injured by water from above.

The grievance of the defendant is a refusal to rule that on all the evidence the plaintiff was not entitled to recover, and a finding for the plaintiff.

There is no error of law on this record. It is the typical case for decision upon circumstantial evidence. It was for the tribunal established to try the facts to draw whatever inference seemed most rational from the fact that an open faucet running at full pressure and overflowing its receptacle was found in a fourth story loft with all doors locked, in the exclusive occupation of the defendant, where he with his servants had been working and which he had left after locking its doors less than four hours before. The trial judge was not precluded from drawing the inferences which seemed likely simply because the defendant, called by the plaintiff as a witness, testified that the faucet

and sink were used only once during that day, and then by a workman on the outside of the building, who washed blood from his injured hand. The doctrine of *Buckland* v. *New York, New Haven, & Hartford Railroad,* 181 Mass. 3, and *Winship* v. *New York, New Haven, & Hartford Railroad,* 170 Mass. 464, has no application to the facts here disclosed.

*Order dismissing report affirmed.*