[No. 21251. Department One. July 9, 1928.]

Joseph W. Osborne *et al., Appellants,* v. Jules L. Charbneau *et al., Respondents.*[1]

[1] Negligence (33)—Presumption—Res Ipsa Loquitor. The doctrine of *res ipsa loquitor* does not apply to proof of definite facts showing the precise cause of an automobile's skidding.

[2] Municipal Corporations (378) — Streets — Negligent Use — Skidding of Automobile. The mere skidding of a car on coming to wet pavement on a down grade, is not proof of negligent driving, as a matter of law (Fullerton, C. J., and Tolman, J., dissent).

Appeal from a judgment of the superior court for King county, Kinne, J., entered January 27, 1928, upon the verdict of a jury rendered in favor of the defendants, in an action for personal injuries sustained by a pedestrian struck by an automobile. Affirmed.

*Joseph B. Smith* and *John A. Homer,* for appellants.
*Reynolds, Ballinger & Hutson,* for respondents.

French, J.—Early on the afternoon of the 18th day of July, 1927, plaintiff was walking easterly on the sidewalk on the southerly side of East Madison street between 23d and 24th avenues in the city of Seattle. The defendant Phyllis Charbneau, daughter of the other defendants, was driving easterly on East Madison street, having stopped at 23d avenue because of

[1]Reported in 268 Pac. 884.

an arterial highway stop at that point. Proceeding from the 23d avenue intersection easterly on East Madison street for a distance of about one-half block, she noticed a street car at the intersection of 24th avenue and East Madison street, which was slowing down or stopping for the purpose of receiving or discharging passengers. There is, at approximately the point where she first noticed the street car, a perceptible break in the grade of East Madison street, so that the grade of that portion of the street between the automobile and the street car was about nine per cent. There is testimony in the record indicating that the street at this point was wet, although the day in question was bright and clear; and defendant's testimony is that the street was dry until she reached this point, when, coming to this grade, this portion of the street was wet by reason of having been recently sprinkled or flushed. While proceeding down this grade, the defendant attempted to slow her automobile, and skidded and continued to skid until she reached the intersection of East Madison street near 24th avenue, where her car struck the plaintiff Arminta Osborne, knocking her down and throwing her over an embankment. Plaintiffs sued for damages, and from a judgment for the defendants this appeal is prosecuted.

The appellants' complaint seems to center around the instructions of the court, the claim being that the jury were misled and confused by the giving of inconsistent instructions. The following are the instructions given, in so far as applicable to this case:

"No. 5.

"*Except as herein otherwise instructed* the burden is on the plaintiffs to establish, by a fair preponderance of the evidence, the material allegations of their complaint that are denied by the defendants in their answer.

"No. 6.

"You are instructed that the basis of this action is negligence. Negligence is the failure to use that degree of care which an ordinarily careful and prudent person would exercise under like or similar circumstances; it may consist in doing some act which a reasonably prudent person would not do under the same or similar circumstances, or in the failure to exercise some precaution which a reasonably prudent person would not have failed to exercise under the same or similar circumstances. Negligence is never presumed, but must be established by proof the same as any other fact in the case, and in order to entitle the plaintiff to recover, and *except as herein otherwise instructed,* he must prove by a fair preponderance of the evidence that the defendants were negligent in one or more of the particulars charged in the complaint, and that defendants' negligence was the proximate cause of the injury.

"By the term 'proximate cause' is meant the efficient cause of the injury or damage without which such injury and damage would not have been sustained. It is that cause, which, in a direct, unbroken sequence, produces the injury complained of.

"The term 'fair preponderance of the evidence' means the greater weight of the credible evidence in the case. It does not mean necessarily a greater number of witnesses, but it means that evidence which carries the greater convincing power to your minds regardless of the number of witnesses that may testify for one side or the other. It is that evidence which fairly turns the scales which were evenly balanced before its introduction.

"No. 10.

"The plaintiff, Arminta Osborne, being without dispute where she had a right to be, and it being admitted that she was struck, you are instructed that the burden of showing that defendant driver was not negligent is upon the defendants, as a matter of law.

"No. 13.

"You are instructed that if you should determine from the evidence that the automobile in which the

defendant was riding came suddenly and unexpectedly upon a wet pavement which caused said car to skid and thus created a position of peril and of sudden emergency, then I instruct you that the law does not hold defendant to responsibility in the same degree for sound judgment and proper action as under other circumstances. The fact that the driver had to act suddenly in an emergency and without opportunity for deliberation is a circumstance to be taken into consideration in determining what is ordinary care in that situation.

"No. 14.

"You are instructed that if you find from the evidence that the defendant driver might have avoided the accident by adopting some other course of action than that pursued by her, she would not be guilty of negligence in that respect provided you find that she exercised ordinary care under the circumstances and conditions then existing. The defendants' conduct in that regard is not necessarily to be judged by the facts as they now appear to you but she is entitled to have her acts and conduct considered in the light of the facts as they appeared to her at the time, and if you find that the defendant with her view of all the circumstances as they were at that time exercised ordinary care, then the defendant driver is not guilty of negligence and your verdict should be for the defendants.

"No. 15.

"If you find from the evidence that the driver of the automobile was guilty of any negligence prior to the emergency, if you find that an emergency was presented, and that such negligence was the proximate cause of the accident, then your verdict must be for the plaintiffs and against all the defendants for such sum as you find they have been damaged.

"In other words, if you find an emergency was presented and that in that emergency the defendant used ordinary care the defendants would be excused by reason of the emergency unless you also find that prior to the emergency the defendants were guilty of

negligence which was the proximate cause of the emergency.''

By other proper instructions, the jury were told that, if respondents failed to operate the automobile as would an ordinarily skillful person, failed to use reasonable care, and failed to observe the condition of the street and use such care as a reasonably prudent person would use under such circumstances, this would constitute negligence.

[1] By instruction No. 10, quoted above, the trial court extended to this case the doctrine of *res ipsa loquitur.* We think it may be seriously questioned whether or not the doctrine of *res ipsa loquitur* applies in a case such as this, where specific acts of negligence have been pleaded, and relied upon by the production of evidence in support thereof.

''Finally, reliance is placed upon the doctrine of *res ipsa loquitur.* It is a well known rule that, where a passenger is injured and it is shown that the injury was caused by some person or thing connected with the carrier's railroad or business of transportation, a presumption of negligence will arise. In this case, however, the appellant did not rely upon the presumption, but introduced evidence showing the cause which produced the accident. But this was a definite fact. In such a case the doctrine of *res ipsa loquitur* does not apply. In *Stangy v. Boston Elev. R. Co.,* 220 Mass. 414, 107 N. E. 933, it is said:

'' 'The case at bar is not within the doctrine of *res ipsa loquitur,* which oftentimes is enough to support a finding of negligence on the part of a common carrier. *Rust v. Springfield Street Railway,* 217 Mass. 116, 104 N. E. 367. *Bell v. New York, New Haven & Hartford Railroad,* 217 Mass. 408, 104 N. E. 963. That doctrine does not establish liability where a definite cause is clear on the evidence. It applies only when the cause, although unexplained, does not happen according to common experience without fault on the part of the defendant.

" 'The case at bar is not an instance of an unsuccessful attempt to prove the precise cause, which would not bar the plaintiff from relying on appropriate presumptions, but it is a case where inferences are excluded because the cause is disclosed to be a definite fact. *Cassady v. Old Colony Street Railway,* 184 Mass. 156, 163, 68 N. E. 10, 63 L. R. A. 285; *Galligan v. Old Colony Street Railway,* 182 Mass. 211, 65 N. E. 48; *Winship v. New York, New Haven & Hartford Railroad,* 170 Mass. 464, 49 N. E. 647; *Cook v. Newhall,* 213 Mass. 392, 395, 101 N. E. 72; *Buckland v. New York, New Haven & Hartford Railroad,* 181 Mass. 3, 62 N. E. 955. In cases of this sort such fact must be shown to be the result of the defendant's negligence before there can be recovery.' " *Anderson v. Northern Pacific R. Co.,* 88 Wash. 139, 152 Pac. 1001.

The instruction, however, is certainly favorable to appellants, and reading the instructions as a whole we can find no conflict therein. The words, "except as herein otherwise instructed," used in instruction No. 5 and instruction No. 6, given by the court, can only refer to instruction No. 10.

A considerable amount of evidence was produced by appellants tending to show that respondent was guilty of certain specific acts of negligence. As to that part of the testimony the jury were properly told that negligence is never presumed, and that the burden was upon plaintiffs to establish these allegations by a fair preponderance of the evidence. We think these instructions, taken as a whole, correctly state the law, except as we have already indicated, unless, which seems to be contended by appellants, the skidding of the automobile conclusively shows negligence on the part of the driver.

[2] The mere skidding of an automobile is not an occurrence of such uncommon or unusual character that alone and unexplained it can be said to furnish evidence of negligence in the operation of a car. *Sul-*

livan v. Lutz, 181 Wis. 61, 194 N. W. 25; Berry on Automobiles (4th ed.), pp. 227-8; Linden v. Miller, 172 Wis. 20, 177 N. W. 909; Burke v. Cook, 246 Mass. 518, 141 N. E. 585; Kelleher v. Newburyport, 227 Mass. 462, 116 N. E. 806; Huddy on Automobiles (5th ed.), § 338; Blashfield's Cyclopedia of Automobile Law, vol. 2, p. 1913.

Some contention is made that the contrary view has been expressed in Norris v. Hadfield, 124 Wash. 198, 213 Pac. 934, 216 Pac. 846; but a careful examination of this case will show that the court found, as a matter of fact, that the automobile driver was negligent in the operation of his car, driving the same at an excessive rate of speed. In the instant case, the jury have found as a matter of fact that there was no negligence on the part of the driver of the car, either at or immediately prior to the accident, unless negligence can be inferred as a matter of law wholly and alone from the fact that the car skidded. On the authority of the cases and text writers cited above, we cannot so hold. Rather do we think that it is a fact to be taken into consideration by the jury, along with all other facts in the case, in determining whether there was negligence in the operation of the automobile.

We find no error in the record. The facts were resolved by the jury in favor of the respondents.

Judgment affirmed.

MITCHELL and PARKER, JJ., concur.

TOLMAN, J. (dissenting)—Aside from the inconsistency in the instructions referred to by the majority, I fear that the instructions given failed to give the jury a clear idea of the law applicable. Instruction numbered 13, quoted by the majority, would seem to carry the idea that a sudden and unexpected coming upon the wet pavement in broad daylight by a driver en-

tirely familiar with the roadway would excuse the driver of the automobile from all liability for what followed. The instruction entirely omits to mention the ever-present duty of the driver to exercise due care under all of the circumstances. Certainly the law places the duty upon a driver descending a steep grade to keep a reasonable lookout for wet pavement, or any other condition which would require caution and a slackening of speed to avoid the danger of skidding, and such duty must have been met before the driver can claim the benefit of the emergency rule mentioned in instruction numbered 14. In other words, these instructions permitted the jury to excuse the driver under the emergency rule from the simple fact that the wet pavement was encountered unexpectedly, which, as I understand it, cannot be the law. The general language as to prior negligence contained in instruction numbered 15 does not, in my judgment, sufficiently meet the situation, and fails to direct the attention of the jury to the driver's duty to observe and exercise reasonable care under conditions which would be known, if reasonable observation had been made. In my judgment, the instructions, taken as a whole, could not, and did not, convey to the mind of the average juryman the principles of law applicable.

I therefore dissent.

FULLERTON, C. J., concurs with TOLMAN, J.