JOSEPH C. GEDEN *vs.* PETER KOSTARELOS & another.

Suffolk. December 4, 1930. — December 8, 1930.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Negligence,* Of one owning or controlling real estate.

Evidence, at the trial of an action of tort by the proprietor of bowling alleys against the proprietors of public baths on the floor above the alleys for damage resulting from water leaking from the baths upon the alleys, that the leaking occurred and damage resulted, that on several occasions the plaintiff went to the premises of the defendants and talked with one of them who pointed out the bath causing the trouble, and that the leakage was stopped for a few days and then continually recurred, warranted a verdict for the plaintiff.

TORT. Writ dated September 13, 1927.

In the Superior Court, the action was tried before *Brown,* J. Material evidence is stated in the opinion. At the close of the evidence, the defendants moved that a verdict be ordered in their favor. The motion was denied. There was a verdict for the plaintiff in the sum of $900. The defendants alleged exceptions.

..*M. Jacobs,* for the defendants, submitted a brief.

*H. Goldkrand,* for the plaintiff.

RUGG, C.J. The plaintiff seeks in this action of tort to recover compensation for loss sustained by him in his business of conducting a bowling alley as a result of the alleged negligence of the defendants in permitting water to leak from their premises used for public baths.

There was evidence tending to show that the defendants owned and controlled a considerable number of baths located on a floor above the bowling alleys of the plaintiff; that at various times water leaked from the premises of the defendants upon the bowling alleys of the plaintiff; that on several occasions the plaintiff went to the premises of the defendants and talked with one of them who pointed out the bath causing the trouble; that the leakage was stopped for a few days and then continually recurred, compelling the plaintiff to close two of his bowling alleys at least twice a week during a period of nine months. This evidence might have been believed, notwithstanding that of a contrary nature. Submission of the case to the jury was required. *Goldberg* v. *Federman,* 231 Mass. 443.

*Exceptions overruled.*