[No. 15227.    Department Two.    August 6, 1919.]

C. M. STUBBS, *Respondent*, v. O. C. MOLBERGET *et al.*, *Appellants*.[1]

MUNICIPAL CORPORATIONS (380, 390)—USE OF STREETS—COLLISION AT CROSSINGS—NEGLIGENCE—QUESTION FOR JURY. It is negligence for the driver of an automobile to "cut the corner" in turning at a street intersection, in violation of law, especially where the streets were congested with traffic.

SAME (383, 391)—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY. The driver of an automobile, struck by another which illegally "cut the corner," is not guilty of contributory negligence in not anticipating that the other car would violate the law, but assumed that it would continue legally, and gave all his attention to a crowd of people congregated on the corner he was approaching.

DAMAGES (62) — MEASURE OF DAMAGES — INJURIES TO PERSONAL PROPERTY. Plaintiff, whose car was damaged in a collision, is entitled to recover the cost of repairs and for time lost while the repairs were in progress.

Appeal from a judgment of the superior court for King county, Frater, J., entered October 1, 1918, upon findings in favor of the plaintiff, in an action in tort, tried to the court. Affirmed.

[1]Reported in 182 Pac. 936.

*C. M. Miller,* for appellants.

*Glen S. Corkery,* for respondent.

FULLERTON, J.—The automobile of the respondent collided with the automobile of the appellants and was overturned and damaged. This action was brought to recover for the damages suffered. It was tried by the court sitting without a jury, and resulted in a judgment in favor of the respondent in the sum of $540.39. The accident giving rise to the action occurred at the junction of Fremont avenue and Ewing street, in the city of Seattle, both public streets of that city. The respondent was driving north on Fremont avenue, while the appellants' driver drove south thereon to its junction with Ewing street, where he turned his automobile east into that street, colliding with the respondent's automobile after it had crossed the center of the street and was near the north side thereof.

There is not much room to question the appellants' negligence. At the time of the collision, their automobile was at a place in the street where it had no right to be. On entering Ewing street, the driver turned to the left of the center of the street—cut the corner, as the common phrase expresses it—while the law of the road, and the city ordinance as well, required him to drive to the right of the center of the street and to keep on the right-hand side of the street. Nor was there any reason shown for violating the rule. There was no fixed obstruction in the street which prevented travel in the ordinary way. There was, it is true, a congestion of automobile traffic on the streets at that time, and a considerable number of people had congregated at the street intersection for the purpose of taking the street cars running to a public park; but this, instead of furnishing a reason for violating the ordinance, rather made it an imperative duty to obey

it. It is for such occasions that rules and regulations are framed.

Whether the respondent was guilty of such contributory negligence as will prevent a recovery is a more serious question. There is a decided conflict in the evidence on it. According to the appellants' driver, the respondent was greatly exceeding the speed limit at this point. His evidence, and that of certain of his witnesses, also, is to the effect that he violated a provision of the ordinance by passing other automobiles headed in the same direction which had slowed up and were waiting to cross the intersecting street. But the respondent testifies, and in this he is corroborated by disinterested witnesses, that he passed the automobiles mentioned prior to the time they reached the street intersection, at a place where he had a right to pass them, and when he could do so without violating the rules of the road or the city ordinances, since they were traveling at a rate of speed less than the rate permitted by the ordinances. He further testifies that he slowed down on approaching the street to a speed much below the permitted speed limit, because of the people who had congregated there, and was traveling no faster than eight miles per hour while crossing the street. There is also in his favor the very persuasive fact before mentioned; he had entered the street and crossed its center before the collision occurred. Obviously it could not have occurred had the appellants pursued the course they were obligated by the ordinance and the rules of the road to pursue.

We have not overlooked the testimony of the appellants' driver to the effect that he had stopped his car before the collision and that the respondent ran into his car. The trial court, however, did not so find, and our perusal of the evidence leads us to believe the wit-

ness mistaken in this respect. Doubtless he attempted to stop when he saw that a collision was inevitable if he pursued his course, and perhaps he changed the course of his car in the attempt to avoid a collision, but the decided weight of the evidence is to the effect that both cars were in motion when the collision occurred. But we cannot think the fact, even if admitted, would convict the respondent of negligence. To so convict him he must either have actually seen the position of the appellants' car, or the situation must have been such as to make it his duty to see its position. Neither of these conditions is shown by the record. The respondent's testimony is that, when he was about to enter the street, he saw the appellants' car on Fremont avenue, beyond its intersection with Ewing street, in a position from which, if it continued on its direct course, it must pass to his left, or if it changed its course into Ewing street and pursued the regular way in so doing, it must pass behind him, and that he gave it no further thought, but gave his entire attention to the crowd of people congregated on the corner he was approaching, that he might run none of them down. Seemingly, he did all that the law required of him. He was not bound to anticipate that the appellants would depart from the regular course, and hence is not guilty of negligence, under the circumstances here shown, in failing so to do, even though the appellants did stop their car prior to the time of the collision.

The appellants complain of the amount of the recovery. The court allowed for the cost of repairing the automobile and for the time lost while the repairs were in progress, allowing nothing for the permanent injury to the car which could not be corrected by ordinary repairs. The amount of the recovery was well

within the evidence, and we see no reason to disturb the judgment in that respect.

The judgment is affirmed.

HOLCOMB, C. J., MOUNT, and PARKER, JJ., concur.