[No. 17661. Department One. March 27, 1923.] ·

CARL A. NORRIS, *Appellant*, v. E. A. HADFIELD *et al.,* . *Respondents.*[1]

HIGHWAYS (52)—AUTOMOBILE COLLISION—NEGLIGENCE—EXCESSIVE SPEED—PROXIMATE AND CONCURRING CAUSE—EVIDENCE—SUFFICIENCY. The driver of an auto stage is guilty of negligence which concurred to cause injury to plaintiff's car, parked on the side of the road, where, on Sunday night in congested traffic, he was driving at a negligent speed, and on a sudden emergency when a pedestrian jumped in front of his car, he was compelled to swerve off the road and was unable to stop before striking plaintiff's car,· forty feet away.

DAMAGES (55)—INJURIES TO PROPERTY—DETENTION OR LOSS OF USE—EVIDENCE—SUFFICIENCY. It is error to include damages for the loss of use of a car damaged in an automobile collision and laid up several weeks, in the absence of any proof as to the value of the use per day or per week.

Appeal from a judgment of the superior court for King county, French, J., entered October 14, 1922, upon findings in favor of the defendants, dismissing an action for damages sustained in an automobile collision, tried to the court. Modified.

*Murphy & Kumm,* for appellant.

*Poe, Falknor & Falknor,* for respondents.

HOLCOMB, J.—This action for damages arose out of the same automobile accident as the case of *Shanley v. Hadfield, ante* p. 192, 213 Pac. 932. The principal facts are there related. A car belonging to this appellant was standing eight or ten feet west of the paved portion of the Pacific Highway, and twenty feet south of the combination building comprising the gasoline station, cigar stand and dance hall. The emergency brakes were set on the car of appellant and the tail light was burning. The car of respondent, which was

[1]Reported in 213 Pac. 934; 216 Pac. 846.

a Pierce-Arrow stage, as was said in the preceding case, was running in a southerly direction from Seattle to Tacoma. The night was clear and the pavement dry.

This case was tried before the court without a jury, and at the close of the testimony the trial court dismissed the action.

At the conclusion of the evidence, the superior court said:

"The facts in this case are not in dispute particularly; that the car at the time that it hit the pedestrian, I believe that the consensus of opinion, the consensus of all of the testimony would be that it was running somewhere about 18 to 30 miles an hour. I fail to see that it makes any material difference at what rate of speed it was running, whether 18 or 30 miles. The stage driver, Mr. Hadfield, the defendant, said that he saw this pedestrian as he stepped off the step and saw him step across the paved portion of the highway; that at the rate of speed at which the machine was running that the pedestrian had plenty of time to pass in front of the car, and had already passed in front of the car; that he sounded no signal; that he (that is appellant) suddenly jumped back in front of his car.   .   .   .   .   All the parties on both sides agree to this—that without warning this pedestrian stepped back; that if he had not stepped back he never would have been hit, the machine would have cleared him and there would have been no accident of any kind. He became confused for some reason, I do not know what it was that caused it, but all of the witnesses agree to that. Mr. Hadfield says that when this man turned back that then he swerved his car. Seeing the plaintiff's car, the Liberty, standing there, knowing that he was—when off the pavement that he was going to hit the car. I asked one question because I did not know whether the record showed that or not; but counsel have agreed that the brick pavement at that point is practically level with the ground where this car was standing.   .   .   .   .   I will

state frankly that I can see no negligence, no acts of negligence, no positive acts of negligence on the part of Mr. Hadfield, excepting that which arises from the fact that he went off the highway and hit a car that was standing off the highway where it had an absolute right to be.

"The question of speed I paid very little attention to because while there is a little dispute between 20 and 30 miles an hour, I do not see that it makes any real difference whether he was running at 20 or 30 miles an hour. Mr. Hadfield at the time that he swerved and hit the pedestrian, it is a matter of common knowledge, as he was then only 25 feet from the Liberty car under all the testimony, he could not have stopped that Pierce-Arrow car in any event if he had had all the brakes that are ever placed on a machine, he could not have stopped his machine then; when it was headed that way it had to go on and hit the Liberty."

In this case certain things were admitted. First, respondent's automobile stage was traveling south. The pedestrian, Shanley, was traveling east across the highway at a point only a few feet either north or south of the entrance to the dance hall. The south side of the dance hall was twenty feet south of this entrance. Second, appellant's car was standing twenty feet south of the south side of the dance hall, and eight to ten feet off the pavement, so appellant's car was approximately forty feet south and eight to ten feet west of the place where the stage collided with Shanley. Third, respondent Hadfield is the only witness who contradicts the witnesses for appellant that appellant's automobile was moved by the impact a distance of fifteen or twenty feet; and appellant stated that, when he left his car parked there, the emergency brake was set.

The question to be determined on this appeal is whether or not respondent failed to do what the law

or the exercise of reasonable care required him to do prior to the existence of the emergency when the pedestrian jumped back in the path of his vehicle, and whether or not the combined negligence of Shanley and respondent, or the sole negligence of respondent, caused the injury to appellant's car.

Appellant invokes § 23, ch. 142, Laws of 1915, p. 394, as follows:

"No person driving or operating any motor vehicle shall drive or operate the same in any other than a careful and prudent manner, nor at any greater speed than is reasonable or proper, having due regard to the traffic and use of the way by others, or so as to endanger the life and limb of any person."

Respondent testified that, when he saw the pedestrian, Shanley, starting to cross in front of him, he was more than seventy-five feet from the pedestrian; that Shanley was about to step on the pavement of the highway when respondent was about sixty feet from him; that he was looking directly at Shanley and Shanley did not turn either one way or the other, and did not observe the approach of the stage until when he was about the middle of the pavement he suddenly stopped and then turned and jumped backward, slightly sidewise, into the path of the stage. Respondent did not slow up the speed of his car, but he testified that he had slowed it up at the intersection of the Auburn highway and the Pacific Highway, a short distance to the north. As soon as he had crossed the highway he accelerated the speed somewhat, and assumed that, since Shanley was well out on the pavement, he had plenty of time to get out of the way. He did not warn him in any way.

Appellant's car was in a place where it had a right to be, and it was without any fault on the part of appellant that his car was hit.

We have already held that the contributory negligence of Shanley was the cause of the stage striking him and injuring him. We assume that there was negligence on the part of respondent Hadfield in that case, but that it was the contributory negligence of Shanley, the pedestrian, which caused the accident and injury to him.

The conditions shown to exist at the time of the accident are that the highway at that locality was well traveled at that time; that it was on Sunday night; that there were many people driving in both directions and many cars coming from Auburn on the Auburn road connecting with the Pacific Highway and approaching this highway, and that the gasoline station and cigar stand and dance hall attracted a good many people, who passed to and fro upon or across the highway. Respondent Hadfield knew of these conditions. Under those conditions it was probably negligent, under the statute quoted, for Hadfield to operate his car at the rate of speed he was operating it, and when an emergency was presented which caused him to suddenly swerve his car, and in swerving at the rate of speed at which he was traveling, become unable to stop before striking appellant's car. It is evident that the combined negligence of the pedestrian, Shanley, and the respondent caused the injury to appellant's car. We have held that, when the negligence of any person concurs with that of another to produce the proximate cause of injury, either is chargeable as if solely responsible for such cause. *Jaquith v. Worden,* 73 Wash. 349, 132 Pac. 33, 48 L. R. A. (N. S.) 827; *Anderson v. McLaren,* 114 Wash. 33, 194 Pac. 828; *Ross v. Smith & Bloxom,* 107 Wash. 493, 182 Pac. 582; *Hellan v. Supply Laundry Co.,* 94 Wash. 683, 163 Pac. 9.

We conclude, therefore, that the court erred in its finding or conclusion that it was immaterial at what rate of speed the stage was being driven, and that the case presented is one of combined or concurring negligence of two persons, which resulted in injury and damage to appellant.

The undisputed evidence shows that the damage to appellant's car was the sum of $500. Appellant was also deprived of the use of his car for a period of eight weeks, for which he proved accrued damages amounting to $226.

We are of the opinion, therefore, that the judgment should be reversed and judgment entered for appellant in the sum of $726 and costs.

It is so ordered.

MAIN, C. J., BRIDGES, MACKINTOSH, and MITCHELL, JJ., concur.

### ON PETITION FOR REHEARING.

[Department One.    July 9, 1923.]

PER CURIAM.—Our attention having been called by petition for rehearing to the inclusion in the judgment of damages for the loss of the use of the car in the sum of $226, we are now satisfied that such damages should not have been allowed. While there was proof of the loss of the use of the car for a number of weeks, there was no proof of the value of such use per day, or per week, or what it would have cost to rent another car for the same uses during the same time.

The judgment is therefore modified by striking the allowance of $226, and the petition for rehearing otherwise denied.