[No. 17705. Department One. July 14, 1923.]

JOE OLIVER, *Respondent,* v. THOMAS N. MORRIS, *Appellant,* JOE LOPRIORI, *Defendant.*[1]

REPLEVIN (34, 36)—DAMAGES—VALUE OF USE—EVIDENCE—SUFFICIENCY. In an action of replevin for an auto, a recovery of $250 for damages for the detention is not supported by the evidence, where the plaintiff purchased it from a friend in trouble, had never used it or hired it out, or had any intention of doing so, and there was no evidence on the subject except that of a taxicab driver, who did not know the car and who testified as to the daily rental value of cars without any experience in renting cars.

Appeal from a judgment of the superior court for Pierce county, Askren, J., entered July 31, 1922, upon findings in favor of the plaintiff, in an action of replevin, tried to the court. Modified.

*Elias A. Wright* and *Sam A. Wright,* for appellant.

*S. A. Gagliardi,* for respondent.

[1]Reported in 216 Pac. 846.

MITCHELL, J.—A dispute as to the ownership and right of possession of a second-hand automobile caused the institution of this action, which resulted in a judgment in favor of the plaintiff, from which the defendant Thomas N. Morris, as sheriff of Pierce county, has appealed.

The controlling features of the case, under the assignments of error, relate to the value of the automobile and damages for the detention of it, fixed in the sums of $600 and $250, respectively, by the court in the trial of the case without a jury.

As to the reasonable market value of the automobile, an examination and consideration of the conflicting evidence in the case does not lead to a different result from that expressed in the finding and judgment of the trial court.

Upon the question of damages for the detention of the property, there was no testimony that the respondent, who had lately purchased the car from a friend in trouble, had ever used this or any other car; that he had any need for this or any other car; that he ever intended to use it; that he had ever hired out a car; that he intended to hire out this car; or that he could hire it out. Only one witness testified in a way anything like approaching the subject. That witness was engaged in the taxicab business and was not shown to have any knowledge whatever of the automobile in question, but was allowed to testify on behalf of the respondent, over appellant's objection, as to the daily rental value of automobiles. However, in attempting to qualify himself as a witness, he stated that his knowledge of the subject was based on his own experience, and admitted that he had had no experience in the renting or hiring of automobiles for many years at that time. The appellant could not use the auto-

mobile, for he took and held possession of it as sheriff under an execution in favor of his co-defendant, Joe Lopriori, who at the trial was dismissed out of the case by order of the court without any objection on the part of the respondent. There is no evidence in the case to justify this portion of the judgment.

The cause is remanded to the trial court to modify the judgment by eliminating the $250 damages for the detention of the automobile. Appellant will recover costs of the appeal.

MAIN, C. J., HOLCOMB, BRIDGES, and MACKINTOSH, JJ., concur.