[No. 28364.   Department One.   July 28, 1941.]

## O. H. HADLEY, *Appellant,* v. TED E. SIMPSON, *Respondent.*[1]

[1]Reported in 115 P. (2d) 675.

542

*Leo Teats* and *Ralph Teats,* for appellant.

*Caldwell, Lycette & Diamond* and *Reuben C. Carlson,* for respondent.

BLAKE, J.—Plaintiff brought this action to recover damages for personal injuries sustained when he collided with an automobile driven by defendant. The cause came on for trial before a jury. At the close of plaintiff's case, defendant interposed a motion for nonsuit, which the court granted on the ground that plaintiff was guilty of contributory negligence as a matter of law. From a judgment dismissing the action with prejudice, plaintiff appeals.

The accident occurred near the middle of the block on Broadway, between Seventh and Ninth streets, in the city of Tacoma. Appellant is a speedometer expert with an established place of business on the west side of Broadway, about midway between Seventh and Ninth streets.

In the afternoon of December 7, 1939, one Reinke brought a truck into appellant's place of business for a speedometer adjustment. Appellant finished the job about six p. m. The truck was a sixteen wheel vehicle, with a van body twenty-eight feet long and ten feet high. It had to be backed out onto the street from appellant's shop. As the truck backed out, appellant went into the street to flag traffic and signal the driver, who, because of the height of the van body, could not get a clear view up the street. Automobiles were parked all along the west side of the street—one being parked just south of the driveway leading into appellant's shop. Another was parked just north of the driveway. In backing out, Reinke "cut in" as close to this car as he could without hitting it. When he had backed far enough to pull forward without hitting the car to the south of the entrance to

the shop, he straightened the truck out so that there was a clearance beween the front end of it and the parked car of about six feet. Then he stopped to permit appellant, who had been out in the middle of the street, to pass in front of the truck. The truck stood at an angle with the front end toward the curb and the rear end well out toward the middle of the street.

In the meantime, one Carnes had driven his car out of a used car lot some distance to the north of appellant's shop and had come to a stop beside a car parked at the curb some fifty or sixty feet north of the truck. Carnes testified that he stopped because there was not sufficient room to pass with safety between the truck and the cars parked along the curb. During these maneuvers of the truck, no car had passed along the street. While appellant was in the middle of the street and just as he was starting for the curb, he saw the lights of a car coming from the north, about four hundred feet away. He proceeded toward the curb and, as he reached the front end of the truck, he looked over the hood to the north again and saw only the Carnes' car. As he stepped toward the curb from in front of the truck, he collided with respondent's car, which, going at a rate of thirty to thirty-five miles an hour, passed between the truck and the parked car. Appellant was struck in the face by the windshield of respondent's car.

Under these facts, must it be said that appellant was guilty of contributory negligence as a matter of law?

In answering the question, there are several fundamentals to be kept in mind. Contributory negligence is an affirmative defense, the burden of proving which is upon the defendant. Except in rare cases, it is a question of fact to be determined by the trier of the facts. *McQuillan v. Seattle,* 10 Wash. 464, 38 Pac. 1119, 45 Am. St. 799. Only when it may be said that

the minds of reasonable men cannot differ on the question of the negligence of the injured person, is the court warranted in deciding the issue as a matter of law. *Nystuen v. Spokane County,* 194 Wash. 312, 77 P. (2d) 1002.

All travelers on the highways are justified in assuming that other travelers will observe the rules of the road, and may act upon that assumption without being guilty of contributory negligence. *Richmond v. Tacoma R. & Power Co.,* 67 Wash. 444, 122 Pac. 351; *Stubbs v. Molberget,* 108 Wash. 89, 182 Pac. 936, 6 A. L. R. 318. The questions of contributory negligence and negligence are so interrelated that the former usually cannot be determined without reference to the latter. *Richmond v. Tacoma R. & Power Co., supra; Hines v. Chicago, M. & St. P. R. Co.,* 105 Wash. 178, 177 Pac. 795. It is for this reason that this court has frequently said that, in negligence cases, the facts make the law. By the same token, decided cases afford little help in determining the issue.

Under the facts in the case at bar, respondent, of course, had the right of way. It may also be conceded that he was not guilty of negligence as a matter of law by passing to the right of the standing truck. However, whether he exercised reasonable care under the circumstances, in passing to the right, would be for the jury to say. Carnes, who may be assumed to be a reasonably prudent man, thought it was unsafe to pass and was waiting for the truck to move out of the way. Yet, according to the evidence, respondent drove between the truck and the parked car at the rate of thirty to thirty-five miles an hour.

While, as the case is presented to us, respondent's negligence is not at issue, we advert to it because it bears directly upon the question of appellant's contributory negligence.

Now, as we have seen, after the truck had backed out into the street and was in a position to move forward, appellant looked to the north and saw the lights of an automobile four hundred feet away. As he testified, this did not concern him, because, assuming that it was traveling at a lawful rate of speed, it constituted no menace. However, appellant did not rely upon this assumption, for, when he reached the front of the truck, he again looked over the hood to the north and saw no vehicle approaching—only Carnes' car double parked. We hardly know what more appellant could have done to apprehend the immediate approach of respondent's car. In any event, whether he exercised reasonable care under the circumstances was a question for the jury to determine as a matter of fact—not for the court to decide as a matter of law.

The facts differentiate this case from such cases as *Hamblet v. Soderburg*, 189 Wash. 449, 65 P. (2d) 1267, and *Estill v. Berry*, 193 Wash. 10, 74 P. (2d) 482, upon which respondent puts much reliance. Decisions of which those are typical, hold that a pedestrian is guilty of contributory negligence as a matter of law (1) where he walks into the side of an automobile which was in plain sight at the time he said he looked and did not see it; (2) where, without looking, he steps from behind a parked automobile or other object into the path of an oncoming car.

The judgment is reversed.

ROBINSON, C. J., MAIN, SIMPSON, and DRIVER, JJ., concur.