[No. 9916–7–I.   Division One.   May 16, 1983.]

WASHINGTON NATURAL GAS COMPANY, *Appellant,* v.
SEA–CON CORPORATION, *Respondent.*

*Cartano, Botzer & Chapman* and *Thomas C. McKinnon,*
for appellant.

*Waitt, Johnson & Martens* and *Richard Martens,* for
respondent.

WILLIAMS, J.—Washington Natural Gas Company brought action against Sea–Con Corporation for damages to one of its gas lines. Sea–Con counterclaimed for the costs incurred by the delay of construction while the line was being repaired. The trial court, sitting with a jury, denied Natural Gas' claim and granted judgment of $2,435.26 to Sea–Con. Natural Gas appeals, contesting the judgment and Sea–Con's cost bill. We affirm the judgment but strike that part of the bill taxing deposition costs.

The first issue is whether the trial court erred in granting Sea–Con's motion in limine preventing the use of WAC 296–155–660 as a general duty of care standard for the industry. Although an administrative regulation may create a duty of care, that duty "extends only to persons in the class intended to be protected by the statute or regulation." *Davis v. Niagara Mach. Co.,* 90 Wn.2d 342, 346, 581 P.2d 1344 (1978); *Wells v. Vancouver,* 77 Wn.2d 800, 804, 467 P.2d 292 (1970). Because WAC 296–155–660 was promulgated to protect employees, not facilities of Natural Gas, the trial court correctly determined that the line was not within the protected class.

The second issue is whether the jury was properly instructed on each party's duty of care. Natural Gas assigns error to instructions 14 and 19 which made it responsible as a matter of law for the gas line to be covered by at least 36 inches of soil. This ran counter to its theory of the case which was that Sea–Con had removed dirt in the area several weeks before the accident. The jury was instructed on Sea–Con's duty to operate safely and not damage the gas line. Because each party was permitted to argue its theory of the case, *Nelson v. Mueller,* 85 Wn.2d 234, 238, 533 P.2d 383 (1975), the jury was properly instructed.

Natural Gas assigns error to instruction 20 for the first time on appeal. Because no exception was taken at trial, the instruction is the law of the case. *Plemmons v. Antles,* 52 Wn.2d 269, 324 P.2d 823 (1958).

Natural Gas also assigns error to the trial court's rejection of its proposed jury instructions based on WAC 296–

155–660. As seen, that regulation is inapplicable.

The third issue is whether the trial court abused its discretion in not permitting a rebuttal witness to testify about his observations of the damaged gas line. The offered testimony was cumulative in nature and was therefore properly excluded. ER 403; *Holmes v. Raffo,* 60 Wn.2d 421, 374 P.2d 536 (1962).

■ Finally, Natural Gas objects to being taxed for a witness Sea–Con had subpoenaed who was present in court but did not testify. Because costs are allowed for a person called as a witness and in attendance though not testifying, RCW 4.84.090, the witness cost was proper. *Thomas v. Casey,* 49 Wn.2d 14, 297 P.2d 614 (1956).

■ Natural Gas also objects to the costs of five depositions, three used for impeachment purposes and two not at all. "It was improper . . . to tax costs" for "pretrial discovery depositions [and those] not used as evidence but solely for impeachment." *Sanderson v. Moline,* 7 Wn. App. 439, 444, 499 P.2d 1281 (1972). *See also Structurals N.W., Ltd. v. Fifth & Park Place, Inc.,* 33 Wn. App. 710, 719, 658 P.2d 679 (1983).

The portion of the cost bill taxing deposition costs is stricken. The judgment is affirmed.

DURHAM, A.C.J., and RINGOLD, J., concur.

Reconsideration denied June 21, 1983.

Review denied by Supreme Court October 28, 1983.